Margaret E. DOZIER, Appellant,

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and U. S. F. & G. Company, Appellees.

No. 2–182A25.

Court of Appeals of Indiana, Third District.

June 21, 1982.
Rehearing Denied August 5, 1982.

Patricia Smith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Presiding Judge.

Claimant appealed the initial determination of a deputy issued October 20, 1981 at which time Ms. Dozier was found inelligible for unemployment compensation pursuant to IC 1971, 22–4–14–3 (1981 Burns Supp.). The appeals referee affirmed the decision of the deputy finding that Ms. Dozier had voluntarily left work without good cause. Ms. Dozier then appealed to the Review Board of the Indiana Employment Security Division which affirmed the decision of the referee adopting his findings and conclusions by reference pursuant to Regulation 1007 of the Review Board.

Ms. Dozier worked as a policy typist with United States Fidelity and Guaranty (U.S.F. & G.) from May 15, 1978 until October 5, 1981. Ms. Dozier had a history of chronic absenteeism related to a medical problem with her back. On October 1, 1981 Ms. Dozier went to a hospital where it was diagnosed that she was having lower back problems. Ms. Dozier contacted her supervisor at U.S.F. & G. and told her that she would need a one week leave of absence. Later a doctor's certificate was sent to Ms. Dozier's supervisor confirming her medical problem and stating that she could return to work on October 5, 1981. On October 5, 1981 Ms. Dozier returned to the hospital for a re-examination of her back. At that time she was told by the doctor that she would need to take another week off from work. Ms. Dozier's mother contacted U.S.F. & G. on October 5, 1981 and told her supervisor that Ms. Dozier was gone. On October 6, 1981 Ms. Dozier received a letter of termination. At no time was U.S.F. & G. notified of Ms. Dozier's need for an extended leave of absence for medical reasons.

"Referee finds in this case [and the Review Board adopts by reference], that claimant failed to exert the necessary effort to protect her job, by properly calling employer on October 5, 1981, for a further request of a leave of absence, upon advice by a physician. Referee finds therefore, in this case, that claimant is voluntarily unemployed through her own fault, when she failed to inform employer that her leave of absence was suggested by a physician, to be extended after October 5, 1981. From the foregoing findings, it is held that claimant is found able, available and actively seeking work during the week ending of October 10, 1981, and that under Chapter 14–3, claimant does not possess any disqualification, and it is further found that claimant voluntarily left work without just cause in connection with work, when after October 5, 1981, claimant failed to inform employer she was put on extended leave of absence by physician, on verbal instructions to her. Claimant therefore, is held voluntarily having left work without good cause in connection with work, within the meaning of the Act."

The following issues are raised on appeal:

(1) whether there was substantial evidence to support the Review Board's determination that Ms. Dozier failed to properly notify her employer of her need for an extended leave of absence; and

(2) whether there was sufficient evidence to support the Review Board's determination that Ms. Dozier voluntarily left work without good cause.

When reviewing a determination of the Review Board, this Court examines only the evidence that was before the Board and all reasonable inferences drawn from such evidence. *Shoup v. Review Bd. of Ind. Employment Sec.* (1980), Ind.App., 399 N.E.2d 771; *Cornell v. Review Bd. of Ind. Emp. Sec. Div.* (1979), Ind.App., 383 N.E.2d 1102. Findings of fact made by the Review Board are presumed conclusive and binding. *Id.*; IC 1971, 22–4–17–12 (Burns Code Ed.). The court may reverse the findings of the Review Board if it determines that those findings were based on evidence devoid of probative value, *Williamson Co. v. Rev. Bd.* (1969), 145 Ind.App. 266, 250 N.E.2d 612, or reasonable men would be bound to come to

a different conclusion based on the evidence.

*Kuntz v. Review Bd. of Ind. Employment Sec.* (1979), Ind.App., 389 N.E.2d 342; *Ervin v. Rev. Bd. et al.* (1977), 173 Ind. App. 592, 364 N.E.2d 1189.

In the case at bar Ms. Dozier alleges that there was insubstantial evidence to support the Review Board's determination that she failed to notify her employer of her need for an extended leave of absence on October 5, 1981. It is the province of the fact finder, the Review Board, to determine whether proper notice of absence due to a medical condition has been given. *Raham v. Review Bd. of Ind. Employment Sec.* (1980), Ind.App., 405 N.E.2d 606. The evidence before the Review Board was conflicting. Both parties agree that Ms. Dozier's mother called U.S.F. & G., but it is not clear what she told Ms. Dozier's employer. Appellant would have us weigh this conflicting evidence and judge the credibility of the declarants but that is not the province of this Court. *Cornell, supra.* Based on the evidence before the Review Board, we find that there was substantial support for the determination of the Review Board that Ms. Dozier failed to properly notify her employer of her extended leave of absence.

Ms. Dozier also alleges that there was insufficient evidence to support the Review Board's finding that she voluntarily left work without good cause. The goal of the Employment Security Act, set out in IC 1971, 22–4–1–1, is to "protect workers who become 'unemployed through no fault of their own.'" *Osborn v. Review Bd. of Ind. Employ. Sec. Div.* (1978), Ind.App., 381 N.E.2d 495, at 499.

A determination of whether a claimant left work voluntarily without good cause is a question of fact to be determined by the Review Board.

*National Furn. Mfg. Co. v. Review Board, etc.* (1960), 131 Ind.App. 260, 170 N.E.2d 381;

*Nordhoff v. Review Board, etc., et al.* (1959), 130 Ind.App. 172, 162 N.E.2d 717.

When determining whether a claimant left work voluntarily without good cause, the Review Board does not look to the peculiarities of each claimant but applies an objective standard to determine whether a reasonable, prudent man would leave work under similar circumstances.

*Geckler v. Review Bd. of Ind. Emp. Sec. Div.* (1963), 244 Ind. 473, 193 N.E.2d 357;

*Lewis v. Rev. Bd.* (1972), 152 Ind.App. 187, 282 N.E.2d 876.

The claimant has the burden of proving that she left work with good cause. *Gardner v. Rev. Bd.* (1974), 162 Ind.App. 125, 318 N.E.2d 361.

In reviewing a determination of the Review Board, this Court is generally bound by those findings of fact unless reasonable men would be bound to determine otherwise. *Ervin, supra.* In the case at bar there is evidence that Ms. Dozier's chronic absenteeism was due to a medical condition. However, at the specific point in time at issue, October 5, 1981, Ms. Dozier failed to inform her employer that she was absent for medical reasons. There is also evidence that Ms. Dozier had been warned of disciplinary action regarding her absenteeism. Upon receiving her letter of termination, Ms. Dozier made no attempt to correct the situation or get her job back. Ms. Dozier did not give her employer the doctor's certification indicating the needed extended leave of absence. We find ample evidence in the record to support the conclusion of the Review Board that Ms. Dozier left work voluntarily without good cause.

*Gardner, supra* ;

*Lewis, supra* ;

*cf. Raham v. Review Bd. of Ind. Employment Sec., supra,* (remanded for finding of fact to determine whether employer had notice of medical condition).

Ms. Dozier contends that since she received a letter of termination she did not voluntarily leave but was discharged without just cause. Assuming *arguendo* that her contention that she was discharged is

correct, we conclude that the employer had just cause for discharging Ms. Dozier since she failed to properly notify her employer that her absence was related to her medical problem.

*Forster v. Review Bd. of Ind. Employ-ment Sec. Div.* (1981), Ind.App., 420 N.E.2d 1287;

*Kuntz v. Review Bd. of Ind. Employment Sec. D.* (1979), Ind.App., 389 N.E.2d 342.

For the reasons stated above, the deter-mination of the Review Board is affirmed.

Affirmed.

GARRARD and STATON, JJ., concur.