Randy S. MOORE, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Transil Wrap Plastics, Appellees.

No. 2–1183A402.

Court of Appeals of Indiana, Third District.

April 10, 1984.

**738**

Patricia Smith, Legal Services Organization of Indiana, Inc., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Judge.

Appellant Randy Moore was employed as a utility person for Transil Wrap Plastics. He had worked for the company approximately five weeks. In July 1983, his sister became ill and Moore arranged to take her to the hospital and watch over her. Moore told his employer he would be absent a few days.

The first day of Moore's absence his mother called Transil Wrap and informed his employer that Moore would be absent. The next day Moore called and stated, "I'd be off another day." On the third day of Moore's absence, Transil Wrap called his mother and informed her that Moore's employment had been terminated. Moore picked up his last check approximately one week later.

Moore applied for unemployment compensation. This request was denied due to an initial determination that he "voluntarily left employment without just cause." Moore timely appealed this decision to a referee. The referee entered the following findings and decision which were adopted in toto by the Review Board:

"FINDINGS AND CONCLUSIONS: Evidence shows claimant worked for this employer for a period from June 1983 to July 5, 1983 as a utility man. His rate of pay was $4.00 per hour, he was working full-time. Evidence also showed that claimant's work was from 4:00 P.M. to 12:00 Midnight, and that on the day in question, the claimant had been absent from work for three days because of an illness of *his sister* That on the first day of his being off work, claimant did not call the employer, and that he had asked his mother to do it for him; on the second day that he was off, claimant called, and on the third day of his absence, claimant did not inform employer nor call employer of his whereabouts. Referee finds here that claimant was absent from work for personal reasons and not for

reasons considered good cause in connection with work within the meaning of the Act. Referee also finds that claimant had failed to exert the necessary effort to protect his job by notifying his employer properly with regards to his absence from work. Referee also finds that claimant had failed to exert the necessary effort to maintain the employer-employee relationship.

"From the foregoing findings therefore, it is held that claimant had voluntarily quit employment for personal reasons and not for reasons considered good cause in connection with work, within the meaning of the Act. It is also referee's findings that although claimant was terminated by employer because of his failure to call employer on the third day of his absence as to his whereabouts, referee holds that employer had a right to terminate claimant from his job because he failed to exert the necessary effort to maintain the employer-employee relationship."

Moore appeals.

On appeal Moore raised three issues which have been combined herein for review. That issue is: whether the evidence was sufficient to support the findings of the Review Board.

■ Generally, the Review Board's determination of factual questions is conclusive and binding on this Court. On review this Court does not reweigh the evidence and may only consider the evidence and reasonable inferences drawn therefrom which support the Board's decision. A decision by the Board will be reversed only where reasonable persons would be bound to reach a different conclusion. *Wakshlag v. Review Bd. of Ind. Employ. Sec.*, (1980) Ind.App., 413 N.E.2d 1078; *Ervin v. Rev. Bd. et al.*, (1977) 173 Ind.App. 592, 364 N.E.2d 1189.

In the case at bar the Board held that Moore had voluntarily left his employment without good cause. In addition, the Board found that Moore's employer had sufficient just cause to terminate Moore due to his absenteeism. Such alternative findings are not contradictory, as contended by appellant, and may be supported by the same set of facts and circumstances in certain situations. *See Dozier v. Review Bd. of Indiana, etc.*, (1982) Ind.App., 436 N.E.2d 373. However, what remains to be seen is whether the facts in the case at bar support either conclusion.

■ In a situation where an employee is alleged to have been terminated for just cause, the employer bears the burden of proof initially. Once the employer has established a prima facie showing of just cause for termination, the burden shifts to the employee to go forward with evidence rebutting the employer's claim. *Sloan v. Review Bd. of Ind. Emp. Sec. Div.*, (1983) Ind.App., 444 N.E.2d 862. In the present case the employer introduced no evidence whatsoever. It seems hard to imagine a party being able to carry its burden of proof when it supplies no evidence in that regard. Thus, the Board's finding on this issue is totally unsupported by the evidence.

■ Next, the Court must discuss the Board's finding that Moore voluntarily left his employment without just cause. The Board's finding in this regard is based entirely upon Moore's alleged failure to notify his employer that he would be absent from work a third day. Absenteeism and failure to notify an employer of a planned absence are grounds for finding an employee voluntarily left work without good cause. *Dozier v. Review Bd., supra; Gardner v. Rev. Bd.;* (1974) 162 Ind.App. 125, 318 N.E.2d 361.

■ In the case at bar the only evidence regarding whether or not Moore obtained an excused absence from work is Moore's own testimony. To this end Moore testified:

"Q. You were off those three days?

"A. Three days. Yeah.

"Q. Okay?

"A. And it was the third day ...

"Q. Did you call the first day?

"A. Pardon me?

"Q. Did you call the first day?

"A. My ... I didn't. My mother did. I called the second day, and told them I'd be off another day."

Moore informed his employer he would be off a few days when he requested his leave. Moore notified his employer he would be absent on the first two days of his absence. Moore's statement that he told his employer he would be off another day is susceptible to different interpretations. The statement could be taken as referring to his second day of absence or it could indicate that he was intending to inform his employer of his planned absence for the third day. There is no way to tell what message the statement was intended to convey. Certainly Moore makes it clear he had not intended to quit his job.

In addition because the employer failed to submit any evidence at the hearing, there is no evidence establishing a uniform plan used by the employer when employees need time off for unexpected or planned reasons. There is no evidence of a uniform method of dealing with absenteeism. In short the record is woefully short of facts which support any finding as to whether employee voluntarily quit or was discharged with just cause.

When presented with a record such as the case at bar, this Court is in no position to determine whether the Board reached a proper conclusion. *Russell v. Review Bd. of Ind., etc,* (1981) Ind.App., 415 N.E.2d 774. Further, since in this case the lack of evidence is directly caused by the employer's failure to appear or provide documentary evidence, though notified of the hearing, the employer has essentially waived any challenge to the evidence submitted by Moore. That evidence indicates Moore was wrongfully discharged. Therefore the decision of the Review Board is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.