**Paula A. QUILLEN, Appellant (Claimant Below),**

v.

**REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams, and Paul M. Hutson, as members of the Review Board of the Indiana Employment Security Division, and Joann's Restaurant and Antiques, Appellee.**

**No. 2–484A103.**

Court of Appeals of Indiana, Fourth District.

Sept. 12, 1984.

Evelyn J. Presley-Jackson, Legal Services Program of Northern Indiana, Inc., Lafayette, for appellant.

Linley E. Parson, Atty. Gen. of Indiana, Marguerite M. Sweeney, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Claimant-Appellant Paula A. Quillen (Quillen) appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) denying her full unemployment benefits.[1]

We affirm.

ISSUE

Did Quillen voluntarily leave her employment with good cause?[2]

FACTS

Quillen was employed as an assistant cook for Joann's Restaurant and Antiques (Joann's). She was promoted to head cook and agreed with Joann's to work as a salaried employee, earning $295 for 55 hours of work, six days a week. After working that schedule for some time, Quillen asked Joann, the owner, for a few Saturday nights off and additional kitchen help. Joann responded she would "work something out."

Joann eventually hired additional kitchen help. A week later in a meeting, Joann informed Quillen she would be a salaried employee no longer: her hours would be cut to 40 per week, her hourly wage would be $4.70, and she would punch a time clock

---

1. IND.CODE 22–4–15–1(b).

2. Quillen in her brief alleges the reasons she quit work were due to (1) Joann's proposed change in working hours and wages and (2) "unjust reprimands" she received three months before quitting when she inquired about a dock in pay. Quillen's brief, however, contains no argument, citation of authority or references to the record regarding the alleged unjust repri-

mand. The issue of whether Quillen was unjustly reprimanded is therefore waived. Rules of Appellate Procedure 8.3(A)(7). *See also, Jones v. City of Logansport,* (1982) Ind.App., 439 N.E.2d 666, 669. Furthermore, the Board found the dock in pay was due to Quillen's absenteeism and Quillen made no "significant effort" to protest her dock in pay before quitting work.

thereafter, but she could work approximately 5 hours overtime at $7.05 an hour. Joann told Quillen other employees' hours were being reduced due to worsening business conditions. Quillen told Joann this new arrangement was not acceptable and gave two weeks notice she was leaving Joann's employment. Joann then offered the head cook's position to the assistant cook also at the meeting.

The Review Board adopted the findings and conclusions of the referee who determined Quillen voluntarily left her employment without good CH☐DISCUSSION AND DECISION

### I. Standard of Review

■■■■ We neither reweigh the evidence nor judge the credibility of witnesses in unemployment compensation cases. Our sole function is to determine whether the Review Board's findings of fact contain all specific facts relevant to the contested issue. We next determine whether the Review Board has resolved those issues in conformity with the law. *Smithson v. Review Board of the Indiana Employment Security Division,* (1983) Ind.App., 446 N.E.2d 1014, 1015. The Board's findings are deemed conclusive and we consider only the evidence and inferences drawn therefrom supporting the Board's decision. We reverse if either there is no substantial evidence to support the Review Board's findings or reasonable persons would reach a different result. *Moore v. Review Board of the Indiana Employment Security Division,* (1984) Ind.App., 461 N.E.2d 737, 739. *Scholl v. Review Board of the Indiana Employment Security Division,* (1984) Ind.App., 461 N.E.2d 691, 692. *Mshar v. Review Board of the Indiana Employment Security Division,* (1983) Ind.App., 445 N.E.2d 1376, 1377.

### II. Voluntary Abandonment of Employment

Quillen contends the evidence was insufficient to establish she quit work without good cause. We disagree.

■■■■ An employee who voluntarily leaves his employment without good cause is ineligible for full unemployment benefits. IND.CODE 22–4–15–1(b); *see also, Jackson v. Review Board of the Indiana Employment Security Division,* (1966) 138 Ind.App. 528, 536, 215 N.E.2d 355, 360. Whether a claimant left work without good cause is a question of fact for the Review Board. *Mshar; supra,* 445 N.E.2d at 1377; *Dozier v. Review Board of the Indiana Employment Security Division,* (1982) Ind.App., 436 N.E.2d 373, 375. The employee's reasons for quitting must be objective and job related for good cause to exist.[3] *Mshar, supra,* 445 N.E.2d at 1377; *Arrendale v. Review Board of the Indiana Employment Security Division,* (1983) Ind.App., 445 N.E.2d 128, 130; *Marozsan v. Review Board of the Indiana Employment Security Division,* (1982) Ind.App., 429 N.E.2d 986, 989. An employer may establish business hours, working schedules and other employment terms. An employee may place conditions on these terms. If the employer agrees to the employee's conditions, they become part of the employment contract. If the employer *unilaterally* changes agreed upon employment terms, the employee may either (1) accept the changes and continue employment under the new terms or (2) reject the changes and quit work. An employee terminating employment under these circumstances does so with "good cause" and is entitled to unemployment benefits. *Moore v. Review Board of the Indiana Employment Security Division,* (1980) Ind.App., 406 N.E.2d 325, 328; *Jones v. Review Board of the Indiana Employment Security Division,* (1980) Ind.App., 399 N.E.2d 844, 845. How-

---

**3.** An employee leaving his job for "personal reasons" quits without good cause. "Personal reasons" include the failure to get along with co-workers (*Marozsan v. Review Board of the Indiana Employment Security Division,* (1982) Ind.App., 429 N.E.2d 986, 989) domestic problems (*Berzins v. Review Board of the Indiana Employment Security Division,* (1982) Ind., 439 N.E.2d 1121, 1128) and transportation difficulties to and from work (*Jones v. Review Board of the Indiana Employment Security Division,* (1982) Ind.App., 442 N.E.2d 1120, 1122).

ever, the circumstances must also be so unfair or unjust as to compel a reasonably prudent person to quit work. *Ball v. Review Board of the Indiana Employment Security Division,* (1984) Ind.App., 464 N.E.2d 1312, 1314; *Mshar, supra,* 445 N.E.2d at 1377; *Marozsan, supra,* 429 N.E.2d at 990.

Thus, an employee whose hours are reduced, along with the hours of other employees, due to a seasonal reduction in business quits without good cause. *See, Wasylk v. Review Board of the Indiana Employment Security Division,* (1983) Ind.App., 454 N.E.2d 1243, 1247 *citing Hendrick v. Employment Division,* (1976) 25 Or.App. 93, 95, 548 P. 2d 526, 527. Finally, a claimant denied benefits bears the burden of establishing good cause. *Dozier, supra,* 436 N.E.2d at 375.

Quillen and Joann agreed Quillen would work 55 hours a week for $295 when Quillen became head cook. These agreed upon terms became contractual working conditions. Quillen thereafter requested shorter working hours and extra help in the kitchen. Joann later informed her the reduction to a 40 hours work week at $4.70 an hour was due to worsening business conditions. Other employees' hours were likewise reduced and other salaried employees were put on an hourly pay system. Joann gave Quillen the opportunity to work more than 40 hours a week at time and a half. The Review Board found the changes to be material, but its detailed findings determined Quillen would earn nearly the same weekly amount under the proposed method as she earned in her salaried position if the demands of the business required her to work 55 hours per week.[4]

The Review Board also found "the employer's level of business had slackened" in the few months before Quillen quit and other employees' hours likewise were being reduced. Quillen does not dispute worsening business conditions existed. We agree with the Review Board the pro-

posed change was not so unfair or unjust as to compel a reasonably prudent person to quit work under similar circumstances.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.

---

4. Quillen earned $295 a week in her salaried position. The Board determined her pay would have been $293.75 had she worked 55 hours under the proposed method of payment.