Martha M. BIGGERSTAFF, Appellant,

v.

REVIEW BOARD OF THE INDIANA DEPARTMENT OF EMPLOYMENT AND TRAINING SERVICES, Sandra D. Leek, Chairperson, George H. Baker, Member, and Mark T. Robbins, Member

and

Burger King, Appellees.

No. 93A02–9211–EX–562.

Court of Appeals of Indiana, Fifth District.

March 30, 1993.

Rehearing Denied May 26, 1993

Thomas M. Frohman, Jamie Andree, Legal Services Organization of Indiana, Inc., Bloomington, for appellant.

Pamela Carter, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellees.

BARTEAU, Judge.

Martha Biggerstaff appeals the decision of the Review Board of the Indiana Department of Employment and Training Services ("Board") denying her unemployment compensation. Biggerstaff argues that the Board's finding that she was ineligible for benefits is not supported by the record.

We affirm.

## FACTS

Neither party disputes the findings of facts found by the Administrative Law Judge and adopted by the Board. Those facts are as follows:

*FINDINGS OF FACT:* It is found the claimant worked for this employer [Burger King] for a period from 1989 to November 14, 1991, as a dining room person. Her duties consisted of general maintenance and cleaning the dining room. Her pay was $4.25 per hour. Work was part-time, sixteen hours a week, Monday through Thursday, from 8:00 p.m. to 12:00 midnight. It is further found that on November 14, 1991, the claimant injured herself at work and she was off work for four weeks. The claimant was released to return to work on January 17, 1992. At the time the claimant was released back to work, her hours from 8:00 p.m. to 12:00 midnight was [sic] not available and the claimant was offered by the employer to work from 11:00 a.m. to 2:00 p.m., Monday through Friday. The claimant refused said work offered by the employer in view of the fact that she wants her hours back which is [sic] from 8:00 p.m. to 12:00 midnight. The reason for the claimant's refusal is

that she has to do some baby-sitting for some members of the family.

The Board also adopted the ALJ's conclusions of law as follows:

CCONCLUSIONS OF LAW: Chapter 14, Section 3 of the Act requires that a person in order to be eligible for benefits must be available for work. The fact is that the claimant after her release to return to work was offered work by the employer from 11:00 a.m. to 2:00 p.m. which employer believed would give the claimant more resting periods after her injury and the claimant refused such work offer by the employer because she has not made herself available for those hours and because of her baby-sitting chores for her family. It is therefore held that the claimant's reason for refusing work is not reasonable. The claimant therefore is held having made herself unavailable for work and had failed to meet the requirements of Chapter 14–3 of the Act as to availability for work. DECISION: The deputy's determination dated April 13, 1992 is hereby affirmed. Claimant's benefits are suspended as of the week ending of April 4, 1992. Penalty under Chapter 14–3 of the Act is applicable.

(R. 30–31).

## DECISION

■ We first note there is some confusion as to the applicable statute. The Board found that Biggerstaff was not eligible for benefits under Ind.Code 22–4–14–3. This provision, which provides in part as follows, sets out the general eligibility requirements:

An unemployed individual shall be eligible to receive benefits with respect to any week only if the individual:

1) is physically and mentally able to work;

2) is available for work; and

3) is found by the department to be making an effort to secure full-time work.

The Board held "that the claimant's reason for refusing work is not reasonable. The claimant therefore is held having made herself unavailable for work and had failed to meet the requirements of Chapter 14–3 of the Act as to availability for work." (R. 30). Availability for work under I.C. 22–4–14–3 encompasses more than a refusal to accept different work hours from her former employer.[1] See, e.g., Hacker v. Review Bd. of the Ind. Employ. Security Div. (1971), 149 Ind.App. 223, 271 N.E.2d 191. However, I.C. 22–4–15–2 sets out situations in which the individual is not eligible for benefits. Applicable here is I.C. 22–4–15–2(a)(2), which provides that an individual is ineligible for benefits if the individual refuses, without good cause, to accept a suitable position offered by the employer. Thus, although the Board cites to I.C. 22–4–14–3, the statute applicable to this situation is I.C. 22–4–15–2.

■ Biggerstaff argues that the Board erred in holding that her refusal of Burger King's offer was unreasonable. We will reverse the Board's determination only if there is no substantial evidence to support the conclusion or reasonable persons would reach a different result. Quillen v. Review Bd. of the Ind. Employ. Security Div. (1984), Ind.App., 468 N.E.2d 238, 241. We consider only the evidence and inferences drawn therefrom which support the Board's conclusions. Id.

■ Citing Martin v. Review Bd. of the Ind. Employ. Security Div., (1981), Ind. App., 421 N.E.2d 653, Biggerstaff argues that her reason for refusing the offer— that she had to baby-sit her grandchildren during the day so her daughter could

---

**1.** The phrase "available for work" has been described by this court as follows:

We think availability involves an actual attachment to the labor force. A good faith offering of the claimant's services is a prerequisite to availability. Exposure to the labor market must be sincere and unequivocal. A professed willingness to work, accompanied

by or following conduct wholly inconsistent therewith, will not serve to establish availability. Good faith cannot exist independently of honest intentions.

Walton v. Wilhelm (1950), 120 Ind.App. 218, 91 N.E.2d 373. Thus, the term "availability for work" encompasses the individual's relationship to the job market as a whole.

work—is sufficient to establish good cause. In *Martin*, a single parent refused to accept an offer from her employer to work from 4:00 p.m. to midnight because she did not have transportation and could not get a baby-sitter to watch her children. This court reversed the Board's denial of unemployment benefits, holding that child care responsibilities and transportation problems constituted good cause for the refusal to work this shift. *See also Gray v. Dobbs House, Inc.* (1976), 171 Ind.App. 444, 357 N.E.2d 900 (The good cause provision of 22–4–15–2 does not render one disqualified for benefits because he rejects an offered job, the hours of which are incompatible with his parental obligations.)

Unlike the situation in *Martin*, Biggerstaff's child care responsibilities are not related to her own minor children for whom she is the primary care-giver. Rather, Biggerstaff has voluntarily taken on the responsibility of baby-sitting for her grandchildren. We also note that there is no evidence that other arrangements could not be made for the grandchildren. We therefore hold that the Board's decision that this does not constitute good cause was not unreasonable.

Biggerstaff also argues that the Board erred in finding her unavailable for work. Because we conclude that the Board properly denied Biggerstaff benefits as explained above, we need not address this issue.

AFFIRMED.

SHARPNACK, C.J., and STATON, J., concur.