**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 22 2012, 8:59 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**GREGORY L. BROWN**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JANINE STECK HUFFMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| GREGORY L. BROWN, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No.  93A02-1202-EX-133 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT, and H & H | ) | |
| MECHANICAL OF MICHIANA LLC, | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE DEPARTMENT
OF WORKFORCE DEVELOPMENT
Cause No. 11-R-05985

**August 22, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Gregory Brown's ("Brown") employment with H&H Mechanical of Michiana LLC ("H&H") terminated. A claims deputy for the Department of Workforce Development concluded that Brown was not discharged for good cause and granted his request for unemployment insurance benefits. H&H challenged the claims deputy's determination. An administrative law judge ("ALJ") determined that Brown voluntarily left employment without good cause, and denied Brown unemployment benefits. The Review Board of the Indiana Department of Workforce Development ("Review Board") affirmed the ALJ's decision. Brown now appeals.

We affirm.

**Issue**

Brown presents several issues for our review, which we consolidate and restate as whether there was substantial evidence to support the ALJ's ultimate finding of fact that he voluntarily terminated his employment with H&H without good cause in connection with the work.

**Facts and Procedural History**

Brown began full-time employment with H&H in November 2009 as an installer, working on water heaters, water softeners, and other appliances. H&H performed appliance installations and maintenance work for other businesses.

On September 18, 2011, H&H had scheduled Brown to pick up and install a water heater from Sears. H&H's owners were on vacation, and Terry Hough ("Terry"), father of

2

one of the owners, Harold Hough ("Harold"), was responsible for distributing work orders that day. Brown received the work order from Terry, but told Terry that neither of the two trucks H&H had available for use that day were usable. Brown indicated that one truck needed repair work because the front brakes were "metal on metal" and had very little stopping power, and that the other truck had two flat tires, a third tire from which the tread had separated, and no license plate. (Tr. at 22.)

Brown refused to use either truck. After a dispute with Terry, Brown left for the day and concluded that Terry had fired him. Correspondence and telephone conversations ensued over the following days between Brown and Terry, and on September 20, 2011, H&H sent a certified letter to Brown indicating that there were still orders to complete and that his position was still available with H&H. H&H sent a similar letter the following day. Each letter documented the number of days of work Brown had missed, and restated H&H's attendance policy, which called for termination after three missed days of work; by September 21, 2011, Brown had missed three days of work.

Other items of correspondence were faxed between Brown and H&H. In addition, during a phone conversation sometime in late September 2011, Terry told Brown that while he personally did not want Brown to return to work, he had checked on the state of one of the trucks and confirmed the truth of some of Brown's complaints and that Brown could return to work to fill orders for Sears. Brown, however, continued to insist that he had been discharged from his employment with H&H on September 18, 2011.

On October 2 or 3, 2011, Harold returned from vacation and saw the correspondence

3

from Brown. On October 10, 2011, H&H mailed Brown a letter stating that Brown had been terminated from employment under the business's attendance policy.

Brown filed his claim for unemployment benefits; a claims deputy concluded on November 18, 2011, that Brown had been discharged without good cause, and granted his request for unemployment benefits. H&H appealed, and an ALJ conducted a hearing on H&H's appeal on December 12, 2011. On December 16, 2011, the ALJ found that Brown voluntarily terminated his employment without good cause in connection with the work and denied Brown's claim. Brown in turn appealed to the Review Board, which on January 17, 2012, adopted and incorporated the ALJ's findings and conclusions and affirmed the ALJ's decision.

Brown now appeals.

**Discussion and Decision**

Brown appeals the ALJ's decision, adopted and affirmed by the Review Board, that he terminated his employment without good cause in connection with the work.

The applicable standard for such appeals is well settled. "Any decision of the review board shall be conclusive and binding as to all questions of fact." Ind.Code § 22–4–17–12(a). The Review Board's conclusions of law may be challenged as to "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." Ind.Code § 22–4–17–12(f). The Review Board's findings are classified in three ways: (1) as basic, underlying facts; (2) as "ultimate facts" derived as inferences or conclusions from basic, underlying facts; and (3) as conclusions of law. Chrysler Group, LLC

4

v. Review Bd. of Ind. Dept. of Workforce Dev., 960 N.E.2d 118, 122 (Ind. 2012).

> We review the Board's findings of basic facts under a "substantial evidence" standard, and we neither reweigh the evidence nor assess its credibility. We consider only the evidence most favorable to the Board's findings and, absent limited exceptions, treat those findings as conclusive and binding.
>
> Ultimate facts—typically mixed questions of fact and law—are reviewed to ensure the Board has drawn a reasonable inference in light of its findings on the basic, underlying facts.

Id. (citations omitted). We are not bound by the Review Board's conclusions of law, though we give "'great weight'" to the interpretation of a statute by an administrative agency charged with its enforcement. Id. at 123 (quoting LTV Steel Co. v. Griffin, 730 N.E.2d 1251, 1257 (Ind. 2000)).

"An employee who voluntarily leaves employment without good cause in connection with the work is not entitled to unemployment compensation benefits." Davis v. Review Bd. of Ind. Dept. of Workforce Devel., 900 N.E.2d 488, 492 (Ind. Ct. App. 2009) (citing, inter alia, I.C. § 22-4-15-1(a)). Whether an employee has voluntarily left employment without good cause in connection with the work and is therefore disqualified from receiving full unemployment insurance benefits under Indiana Code Section 22-4-15-1(a) is a question of fact for the Review Board. Id. An employee's reasons for quitting must be objective and related to the work in order for good cause to exist. Quillen v. Review Bd. of Ind. Emp't Sec. Div., 468 N.E.2d 238, 241 (Ind. Ct. App. 1984). The employee bears the burden to establish that he or she quit for good cause. Davis, 900 N.E.2d at 492.

Here, the ALJ found that Brown voluntarily left his employment with H&H without good cause in connection with the work, and there is substantial evidence to support this

5

conclusion. Brown complained to Terry that he could not use either company truck and refused to work because he could not transport a water heater in his personal car. Brown construed Terry's response as amounting to a termination of employment with H&H. Yet while Brown insisted that Terry had fired him on September 18, 2011, he received multiple pieces of correspondence in subsequent days bearing both Terry's and Harold's names informing him that there was continued work available, documenting his absences, and requesting that he return to work.

Brown also submitted into evidence testimony and documents concerning a phone call to Terry in which Terry acknowledged Brown's concerns with the truck. Brown produced no evidence that the situation with the truck was unresolved after this point—only that he could not use his personal car to transport a water heater on September 18, 2011. And while Terry admitted in the phone call that he did not want Brown to return, the written correspondence H&H sent to Brown made it clear that Brown could continue to work. Indeed, H&H did not officially inform Brown of his termination until October 10, 2011, nearly a week after Harold's return from vacation. Brown insisted that his employment ended on September 18, 2011, despite entreaties from H&H to return to work, and we note that Brown testified before the ALJ that working for H&H had been "a real pain from day one." (Tr. at 14.)

All together, then, we conclude that there was substantial evidence upon which the ALJ could reasonably conclude that Brown voluntarily terminated his employment with H&H without good cause in connection with the work. To the extent Brown argues to the contrary, he asks that we reweigh the evidence before the ALJ, which we will not do.

6

<u>Chrysler Group</u>, 960 N.E.2d at 122.  We therefore affirm the Review Board's decision in this matter.

## Conclusion

There was substantial evidence to support the ALJ's conclusion that Brown voluntarily terminated his employment without good cause in connection with the work.

Affirmed.

RILEY, J., and CRONE, J., concur.