**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 13 2013, 6:16 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**A.P.**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**STEPHANIE L. ROTHENBERG**
Counsel to the Office of the Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.P., ) | |
|     Appellant, ) | |
| ) | |
|       vs. ) | No.  93A02-1210-EX-804 |
| ) | |
| REVIEW BOARD OF THE INDIANA ) | |
| DEPARTMENT OF WORKFORCE ) | |
| DEVELOPMENT and UGN INC., ) | |
|     Appellees. ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Steven F. Bier, Chairperson
George H. Baker, Member
Larry A. Dailey, Member
Review Board No. 12-R-3224

**June 13, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

A.P.'s employment with Employer terminated. A claims deputy for the Department of Workforce Development concluded that A.P. voluntarily left his employment without good cause in connection with the work, and denied A.P.'s unemployment benefits. A.P. challenged the claims deputy's determination, and an administrative law judge ("ALJ") affirmed the decision of the claims deputy, determining that A.P. voluntarily left his employment without good cause. The Review Board of the Indiana Department of Workforce Development ("Review Board") affirmed the ALJ's decision. A.P. now appeals.

We affirm.

**Issue**

A.P. presents several issues for our review, which we consolidate and restate as whether there was substantial evidence to support the ALJ's ultimate finding of fact that A.P. voluntarily terminated his employment with Employer without good cause in connection with the work.

**Facts and Procedural History**

On August 1, 2011, A.P. began full-time employment with Employer, an automotive component manufacturer, as a C-shift Production Coordinator. He worked until January 3, 2012, when he notified Employer that he would be absent from work that day. On January 4 through 6, 2012, A.P. was absent from work, but did not call. Each day, Employer attempted to call A.P.'s cell phone, but received no response.

On Friday, January 6, 2012, Employer attempted to call A.P.'s emergency contact

2

number, but nobody answered, and Employer's call was never returned. Employer also called the hotel at which A.P. had been staying, but was informed that A.P. no longer resided there. The same day, Employer ended its employment relationship with A.P., in accordance with its policies regarding "no-call/no-show absences." On Monday, January 9, 2012, A.P. transmitted a resignation letter to Employer.

A.P. filed a claim for unemployment benefits; on June 21, 2012, a claims deputy for the Department of Workforce Development concluded that A.P. voluntarily left his employment without good cause, and denied A.P.'s unemployment benefits. A.P. challenged the claims deputy's determination, and after a hearing on August 13, 2012, an ALJ affirmed the decision of the claims deputy, determining that A.P. voluntarily left his employment without good cause. The Review Board affirmed the ALJ's decision.

A.P. now appeals.

### Discussion and Decision

A.P. appeals the ALJ's decision, adopted and affirmed by the Review Board, that he terminated his employment without good cause in connection with the work.

The applicable standard for such appeals is well settled. "Any decision of the review board shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a). The Review Board's conclusions of law may be challenged as to "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." I.C. § 22-4-17-12(f). The Review Board's findings are classified in three ways: (1) as basic, underlying facts; (2) as "ultimate facts" derived as inferences or conclusions from

3

basic, underlying facts; and (3) as conclusions of law. <u>Chrysler Grp., LLC v. Review Bd. of Ind. Dep't of Workforce Dev.</u>, 960 N.E.2d 118, 122 (Ind. 2012).

> We review the Board's findings of basic facts under a "substantial evidence" standard, and we neither reweigh the evidence nor assess its credibility. We consider only the evidence most favorable to the Board's findings and, absent limited exceptions, treat those findings as conclusive and binding.
>
> Ultimate facts—typically mixed questions of fact and law—are reviewed to ensure the Board has drawn a reasonable inference in light of its findings on the basic, underlying facts.

<u>Id.</u> (citations omitted). We are not bound by the Review Board's conclusions of law, though we give "'great weight'" to the interpretation of a statute by an administrative agency charged with its enforcement. <u>Id.</u> at 123 (quoting <u>LTV Steel Co. v. Griffin</u>, 730 N.E.2d 1251, 1257 (Ind. 2000)).

"An employee who voluntarily leaves employment without good cause in connection with the work is not entitled to unemployment compensation benefits." <u>Davis v. Review Bd. of Ind. Dep't of Workforce Dev.</u>, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009) (citing, <u>inter alia</u>, I.C. § 22-4-15-1(a)). Whether an employee has voluntarily left employment without good cause in connection with the work and is therefore disqualified from receiving full unemployment insurance benefits under Indiana Code section 22-4-15-1(a) is a question of fact for the Review Board. <u>Id.</u> For good cause to exist, an employee's reasons for quitting must be objective and related to the work. <u>Quillen v. Review Bd. of Ind. Emp't Sec. Div.</u>, 468 N.E.2d 238, 241 (Ind. Ct. App. 1984). The employee bears the burden to establish that he or she quit for good cause. <u>Davis</u>, 900 N.E.2d at 492.

Here, the ALJ found that A.P. voluntarily left his employment with Employer without

4

good cause in connection with the work, and there is substantial evidence to support this finding. At the hearing, Employer testified that A.P. worked through January 2, 2012. On January 3, 2012, A.P. notified Employer that he would be absent from work that day. On January 4 through 6, 2012, A.P. was absent from work, but did not call. Each day, Employer attempted to call A.P.'s cell phone, but received no response. On Friday, January 6, 2012, Employer attempted to call A.P.'s emergency contact number, but nobody answered, and Employer's call was never returned. The same day, Employer called the hotel at which A.P. had been staying, but was informed that A.P. no longer resided there.

Furthermore, A.P. testified at the hearing that he sent a resignation letter dated January 9, 2012. He asserted that he resigned because of a hostile work environment, in which he felt harassed and humiliated. However, Employer testified that A.P. had been too rough on subordinate employees, and that any allegedly harassing behavior had not been directed at A.P.

All together, then, we conclude that there was substantial evidence upon which the ALJ could reasonably conclude that A.P. voluntarily terminated his employment with Employer without good cause in connection with the work. To the extent that A.P. argues to the contrary, he asks that we reweigh the evidence before the ALJ, which we will not do. Chrysler Grp., 960 N.E.2d at 122. We therefore affirm the Review Board's decision in this matter.

## Conclusion

There was substantial evidence to support the ALJ's conclusion that A.P. voluntarily

terminated his employment without good cause in connection with the work.

Affirmed.

NAJAM, J., and BARNES, J., concur.