FILED

Nov 01 2018, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

George C. Patrick
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Aaron T. Craft
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Company, *Appellant,* v. Review Board of the Indiana Department of Workforce Development and S.W., *Appellees* | November 1, 2018 Court of Appeals Case No. 18A-EX-917 Appeal from the Review Board of the Department of Workforce Development Case No. 18-R-226 |

**Baker, Judge.**

S.W. was employed full-time by his employer (Company). When he voluntarily terminated his position, he sought unemployment benefits under Indiana's Unemployment Compensation Act (the Act).[1] The Department of Workforce Development (DWD) awarded him benefits. Company now appeals, arguing that the Review Board erred by determining that S.W. was eligible for unemployment benefits. Finding no error, we affirm.

# Facts[2]

On May 26, 2015, S.W. began working full-time for Company. Around the time of his separation, he was performing his assigned job duties as a department head. But on October 30, 2017, S.W. was placed on a thirty-day performance improvement plan, which included a list of expectations for S.W. to meet and which informed S.W. that unless he demonstrated significant improvement, he would be subject to discipline. Company claims it placed S.W. on the improvement plan because of concerns that S.W. was not

---

[1] Ind. Code § 22-4-1-1 *et. seq.*

[2] Initially, we note that Company submitted a brief that is single-spaced. This format violates Indiana Appellate Rule 43(E), which requires that "[a]ll text shall be double-spaced . . . ." Company's brief also violates Appellate Rule 46(A)(1), which requires a table of contents to list each section of the brief, including the headings and subheadings of each section and the page on which they begin. Company failed to include the headings of its argument section and the appropriate page numbers.

Further, Company's statement of facts violates Appellate Rule 46(A)(6)(b), which requires that the facts "be stated in accordance with the standard of review appropriate to the judgment or order being appealed." As discussed in detail below, the standard of review for this case requires that the decision of the Review Board be conclusive and binding for all questions of fact. Ind. Code § 22-4-17-12(a). Company's brief blatantly disregards this standard of review; instead of presenting the facts in a light favorable to the Review Board's decision, Company presents only facts that favor its desired outcome and omits facts that support the Review Board's findings of fact and conclusions of law.

sufficiently performing his job duties. While S.W. was on the improvement plan, he was not informed that his job performance did not meet the level of improvement that Company wanted.

[3] On November 30, 2017, at the end of the duration of the improvement plan, Company met with S.W., informing him that he had a choice: he could be demoted to a lower position with lower pay or he could resign. S.W. was not eligible for discharge at that time. He chose to resign.

[4] At some point, S.W. sought unemployment benefits. On January 4, 2018, a DWD claims deputy determined that S.W. had not been discharged for just cause and awarded S.W. unemployment benefits. On January 12, 2018, Company appealed the grant of benefits to the DWD's appeals division.

[5] On February 7, 2018, an administrative law judge (ALJ) conducted a hearing by telephone. During the hearing, one of Company's witnesses, who was S.W.'s supervisor and the assistant director, testified that Company placed S.W. on the performance improvement plan because 1) he was not communicating daily with his supervisors or training his staff as directed; 2) he was absent from his work area several times a week; 3) he did not provide documentation of conversations he had with supervisors or staff, including documentation about a shift change for one employee; and 4) he changed his shift without notifying his supervisors. The supervisor also testified that Company was not aware that S.W. had not created training materials or conducted any trainings until he was already on the improvement plan. The supervisor then testified that S.W. did

not successfully complete the plan because 1) he did not meet deadlines and 2) he was not a cooperative or communicative employee. The supervisor was unable to identify a specific deadline that S.W. had missed and was inconsistent in describing when he had asked S.W. to submit certain materials.

[6] S.W. testified that his job required him to be in different departments; that his supervisor bore him ill will and was creating a hostile work environment, leading S.W. to file a complaint with the human resources office; that he was directed to perform staff trainings but not to create training materials; that when he was asked for a training checklist, he could not find it at that time but delivered it to the director later that day; that he talked with his supervisor every day; and that he was never told that his position was in jeopardy.

[7] The next day, the ALJ issued a decision, concluding that S.W. voluntarily left his employment with good cause in connection with the work and determined that S.W. was eligible to receive unemployment benefits.

[8] On February 21, 2018, Company appealed the ALJ's decision to the DWD's Review Board. The Review Board did not conduct a hearing and did not consider any evidence not admitted by the ALJ. On March 12, 2018, the Review Board affirmed the ALJ's decision, adopting and incorporating the ALJ's findings of fact and conclusions of law. Company now appeals.

# Discussion and Decision[3]

[9]     Company argues that the Review Board erred by determining that S.W. voluntarily left his position for good cause in connection with the work. The standard of review for an order from the Review Board is well established:

> Under Indiana's Unemployment Compensation Act, "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind. Code § 22-4-17-12(a) (2007). The Board's conclusions of law may be challenged as to "the sufficiency of the facts found to sustain the decision and the sufficiency of the evidence to sustain the findings of facts." Ind. Code § 22-4-17-12(f). Consistent with appellate review of other administrative adjudications, we categorize the Board's findings three ways: (1) basic, underlying facts; (2) ultimate facts derived as inferences or conclusions from basic, underlying facts; (3) and conclusions of law.
>
> We review the Board's findings of basic facts under a substantial evidence standard, and we neither reweigh the evidence nor assess its credibility. We consider only the evidence most favorable to the Board's findings and, absent limited exceptions, treat those findings as conclusive and binding.

---

[3] The crux of Company's argument is that S.W. failed to carry his burden of proof to establish that his voluntary termination of his employment was for good cause. Company's argument is misguided. In the past, when a claimant sought unemployment benefits, the employer bore the initial burden of establishing that an employee was terminated for just cause, and if the employer met this burden, the claimant had to present evidence to rebut the employer's showing. *Brown v. Ind. Dep't of Workforce Dev.*, 919 N.E.2d 1147, 1151 (Ind. Ct. App. 2009). In 2014, however, our General Assembly amended the Act, eliminating the burdens of proof from disputed benefits hearings. *See* Ind. Code § 22-4-1-2(c). The Act now provides that a claimant's "entitlement to unemployment benefits is determined based on the information that is available *without regard to a burden of proof*." I.C. § 22-4-1-2(c) (emphasis added). The merit of Company's argument is significantly diminished by its reliance on outdated law.

> Ultimate facts—typically mixed questions of fact and law—are reviewed to ensure the Board has drawn a reasonable inference in light of its findings on the basic, underlying facts. Where the matter lies within the particular expertise of the administrative agency, we afford the finding a greater level of deference. Where the matter does not lie within the particular expertise of the agency, however, the reviewing court is more likely to exercise its own judgment. Regardless, the court examines the logic of the inference drawn and imposes any rules of law that may drive the result. The Board's conclusion must be reversed if the underlying facts are not supported by substantial evidence or the logic of the inference is faulty, even where the agency acts within its expertise, or if the agency proceeds under an incorrect view of the law.

*Chrysler Grp., LLC v. Review Bd. of Ind. Dep't of Workforce Dev.*, 960 N.E.2d 118, 122-23 (Ind. 2012) (some citations, internal quotation marks, and footnote omitted). We are not bound by the Review Board's conclusions of law. *Id.* Rather, we review questions of law de novo and accord the administrative tribunal below no deference. *NIPSCO Indus. Grp. v. N. Ind. Pub. Serv. Co.*, 100 N.E.3d 234, 241 (Ind. 2018).

[10] An individual is eligible for benefits under the Act if he satisfies certain criteria and is not disqualified by certain criteria. Ind. Code ch. 22-4-14, -15. An individual is disqualified from receiving unemployment benefits if he "voluntarily left the employment without good cause in connection with the work[.]" Ind. Code § 22-4-15-1(a). Here, it is undisputed that S.W. satisfied the Act's eligibility criteria and that he voluntarily terminated his employment.

The dispositive issue, therefore, is whether S.W. terminated his job with or without "good cause in connection with the work." *Id.*

[11] Company contends that the evidence does not support the Review Board's order. Regarding the basic, underlying facts, the Review Board found that Company placed S.W. on a thirty-day performance improvement plan ostensibly out of concern that he was not performing his job duties, such as not properly training his subordinates and not being in his work area at scheduled times. But the Review Board found that, in fact, S.W. had performed his assigned duties both before and during the implementation of the improvement plan. Appealed Order p. 2. The following evidence supports the Review Board's findings of fact:

- S.W. provided all the documentation that his supervisors requested during the thirty-day performance improvement period. He spoke daily with the assistant director and provided the assistant director with daily and weekly incident reports.
- Although S.W. had been unable to produce training records on demand, he delivered them to the director the same day they were requested.
- S.W.'s job duties frequently required him to leave his work area to speak with people in other departments.
- S.W. maintained "an employee fact file" to document each time he talked to or reprimanded a staff person. Tr. p. 31. He also documented the reason he changed one employee's shift.
- S.W.'s supervisors did not instruct him to create training materials while he was on the improvement plan, and he was not told that his position was in jeopardy.

Moreover, the Review Board found that Company's "witnesses were all but entirely unable to provide details about the specific incidents that resulted in"

S.W.'s placement on the performance improvement plan or the subsequent demotion and that Company's primary witness contradicted his own testimony more than once. Appealed Order p. 2. This evidence clearly supports the Review Board's findings of fact.

[12] Finding that the evidence supports the findings of fact, we now turn to whether the Review Board's determination that S.W. voluntarily terminated his employment for good cause in connection with the work is a reasonable determination of ultimate fact based on the basic, underlying facts.

[13] This Court has long held that if an employer unilaterally changes agreed upon employment terms, the employee may either accept the changes and continue working under the new terms or reject the changes and quit the job. *Quillen v. Review Bd. of Ind. Emp't Sec. Div.*, 468 N.E.2d 238, 241 (Ind. Ct. App. 1984). An employee terminating employment under these circumstances does so with "good cause" and is entitled to unemployment benefits so long as the circumstances are "so unfair or unjust as to compel a reasonably prudent person to quit work." *Id.* at 241-42. Whether those circumstances exist depends on the justification for and the reasonableness and fairness of the changed conditions. *See Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492-93 (Ind. Ct. App. 2009). "Consideration of the reasonableness of the terms of the new position guards against draconian demotions that have the intended effect of constructively discharging an employee whom the employer might not otherwise be able to discharge for just cause." *Id.* at 494 n.2. When the employer unjustly or unfairly demotes an employee who subsequently quits,

that employee quits with good cause in connection with the work. *Id.* at 492-93.

[14] Here, S.W. faced a choice: he could accept a demotion to a position with different job duties and a lower pay rate or he could resign. Company placed S.W. on a thirty-day performance improvement plan even though he had been performing his assigned job duties; once he was on the plan, he complied with it. Nonetheless, Company decided to demote him. The specific circumstances leading to S.W.'s resignation differ greatly from cases in which this Court has found that an employee who resigned when facing a demotion did so without good cause. *See id.* at 493 (finding that employer reasonably and fairly demoted employee who, over the course of nearly one year, was unable or unwilling to improve his skills for one of his main job functions, and that employee resigned without good cause). As the Review Board found, there simply was a lack of "sufficient or sufficiently credible evidence . . . to conclude that [S.W.'s] work performance was such that [he] should have been placed on the [performance improvement plan], much less that [he] should have been demoted to a lower position." Appealed Order p. 2. S.W.'s performance was not deficient, and Company's unilateral change in employment terms was so unreasonable or unfair as to compel a reasonably prudent person to quit work under similar circumstances. Thus, the Review Board did not err by finding that S.W. voluntarily terminated his employment for good cause in connection with the work.

The judgment of the Review Board is affirmed.

May, J., and Robb, J., concur.