Therman H. YORK, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Ford Motor Company, Appellees.

John LAZAR, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, William H. Skinner, David L. Adams and Paul M. Hutson, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Ford Motor Company, Appellees.

No. 2–281A51.

Court of Appeals of Indiana, First District.

Sept. 21, 1981.

---

Thomas E. Atz, Samper, Hawkins & Atz, Indianapolis, for appellants.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Michael Gene Worden, Deputy Attys. Gen., Indianapolis, for appellees.

ROBERTSON, Judge.

Therman H. York (York) and John Lazar (Lazar) appeal the decisions of the Review Board of the Employment Security Division (Review Board) which denied both of their claims for unemployment benefits. York and Lazar brought separate claims for benefits, but due to the similarity of these cases, they have been consolidated on appeal.

We affirm.

York and Lazar worked for Ford Motor Company (Ford) before entering retirement agreements. Ford presented York and Lazar with "Special Early Retirement" offers. Special early retirement is only granted at the option of the employer and is only available to employees under age sixty-two. If retirement is accepted, the employee receives a special bonus from the time of the election until he reaches age sixty-five. York and Lazar accepted special early retirement and later applied for Trade Readjustment Allowance (TRA) benefits. TRA benefits are administered pursuant to the Federal Trade Act of 1974, 19 U.S.C. § 2101 *et seq.* The benefits are available to groups of workers whose employers have been adversely affected by international trade. It is a federally funded program which is administered by the states.

York was employed as a process engineer for Ford for over sixteen years prior to entering the retirement agreement on April 30, 1980. Ford presented York with the retirement offer on April 25, 1980 and gave him five days to accept it. At the time York received the offer, Ford reminded him of his low seniority and that due to job consolidations, his job function would be performed at a Detroit office beginning in 1981. On numerous other occasions, York had rejected other retirement offers. York testified that he retired because he felt coerced.

Lazar was a superintendent of quality control before electing to retire on September 30, 1980. Lazar was reminded that many jobs had been eliminated and that Ford was trying to reduce personnel because of productivity problems. Lazar believed that the section in which he worked would be combined with another section and he feared that he would lose his job classification, which could have resulted in a three hundred and seventy-five dollar per month loss in income. Lazar received a three hundred and fifty dollar per month bonus for accepting special early retirement. Lazar attempted to retract his retirement, but Ford did not accept his retraction.

York and Lazar filed separate claims for TRA benefits with the Employment Security Division. These claims were denied and both York and Lazar requested a hearing before a referee. The notices of the referees' hearing failed to disclose that York and

Lazar had the right to counsel. Neither York nor Lazar had counsel at their hearings. After the hearings, the claims of York and Lazar were denied. The initial decision found that York was not entitled to benefits because he voluntarily retired. The referee denied Lazar's claim because he found that Lazar's separation from work was for reasons other than lack of work. These claims were then appealed to the Review Board, which affirmed the referees' decisions. Lazar requested to introduce additional evidence after his referee's hearing but this request was denied by the Review Board.

On appeal, York and Lazar allege that the Review Board's decisions are contrary to law and are not supported by substantial evidence, that both York and Lazar were denied due process because they were not advised of their right to counsel, and that the referees failed to fulfill their statutory duties to assist York and Lazar in developing their claims. In addition to these issues, Lazar argues the Review Board erred in denying his request to introduce additional evidence.

■ Generally, the findings of fact made by the Review Board are conclusive and binding upon this court. *Kuntz v. Review Bd. of Ind. Employment Sec. Div.,* (1979) Ind.App., 389 N.E.2d 342. In reviewing the determination of the Review Board, we may not weigh the evidence and may only consider that evidence, and reasonable inferences therefrom, most favorable to the Review Board's Decision. *Ervin v. Review Bd. of the Ind. Employment Sec. Div.,* (1977) 173 Ind.App. 592, 364 N.E.2d 1189. On appeal, we only disturb the decision of the Review Board if reasonable persons would be bound to reach a different conclusion on the evidence in the record. *Kuntz, supra.*

■ In order to receive unemployment compensation,[1] a claimant must satisfy the eligibility requirements contained in Ind. Code § 22–4–14–1 through 3, and must further demonstrate that the general disqualification provisions of Ind.Code § 22–4–15–1 are inapplicable. The claimant must establish: a) that his reasons for abandoning his employment would impel a reasonably prudent man to terminate under the same or similar circumstances; and b) that these reasons or causes are objectively related to the employment. *Gray v. Dobbs House, Inc.,* (1976) 171 Ind.App. 444, 357 N.E.2d 900.

The first issue raised by York and Lazar is whether the decisions of the Review Board were contrary to law and unsupported by substantial evidence. The essence of this alleged error is that York and Lazar were forced to retire and merely mitigated their economic losses. They argue that their separation from work was for good cause, that it resulted from the lack of work in the automobile industry, and therefore, they are entitled to TRA benefits. York and Lazar ask this court to extend the rationale of *Ball v. Review Bd. of Ind. Employment Sec. Div.,* (1971) 149 Ind.App. 494, 273 N.E.2d 869 to voluntary separation cases. It should be noted that the referee's decision regarding Lazar's claim was partially based on his attempted retraction of retirement.[2] Lazar argues that it is necessary to examine his case at the time he elected retirement and invites this court not to treat his case as a retraction case. Even if we accept Lazar's invitation, he is not entitled to relief.

In *Ball,* the employee worked for one employer as a janitor and he also worked part-time for another employer as a dishwasher. The employee was laid off from his janitorial job and began receiving unemployment compensation of approximately one hundred dollars per week. The employ-

---

1. Since TRA benefits are administered by the states, the state laws regarding unemployment compensation are applicable. *Puckett v. Review Bd. of Ind. Employment Sec. Div.,* (1980) Ind.App., 413 N.E.2d 295.

2. In Indiana, an employee who voluntarily terminates his employment without good cause, cannot change his mind and unilaterally bind his employer to a new employment contract. *Batts v. Review Bd. of Ind. Employment Sec. Div.,* (1979) Ind.App., 385 N.E.2d 1174.

ee was then offered a full time job with his second employer where he would have been paid approximately eighty dollars per week. The employee refused the employment offer from the second employer because he would have received less than he was receiving from unemployment compensation. The employee's benefits were terminated because of his refusal to accept the job from his second employer. Upon appeal, we found that economic injury is a factor to be considered in determining the suitability of comparable work. York and Lazar contend that the threat of economic injury, which they contend forced them to accept retirement, should be extended to voluntary termination cases.

■■■ We remain unpersuaded that we should extend the rationale of *Ball* to the present situation. A stricter standard is imposed on those who voluntarily quit working as compared to those who refuse available work. This stricter standard is consistent with the purpose and intent of the unemployment compensation laws. *Thomas v. Review Bd. of Employment Sec. Div.*, (1979) Ind., 391 N.E.2d 1127, *rev'd on other grounds*, 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624. The present situation is distinguishable from *Ball* because York and Lazar have retired and were not terminated. Their case does not present the issue of the suitability of comparable work. An economic loss may be a factor in determining the suitability of comparable work, but a bonus, offered as an inducement to accept early retirement, is not a proper factor in voluntary termination cases. The workers are not entitled to the bonus, unless they accept the retirement offer, and they could refuse the offer and continue working under the prior employment contract.

■■■ York and Lazar argue that their reasons for retiring would also have impelled a reasonably prudent man under the same circumstances to retire. If we accept this proposition, York and Lazar still must demonstrate that their reasons for separating were objectively related to their employment. *Gray v. Dobbs House, Inc., su-*

*pra.* While the current economic distress which plagues the automobile industry is well known in this state and the claimants may have been justified in their fears about the future of this industry, we believe the Review Board's determination was correct. York and Lazar accepted retirement for personal reasons and not reasons objectively related to their employment. They chose to accept an additional monthly bonus and retire rather than to risk possible future changes at their employer. A worker who terminates his employment for good personal reasons may still be ineligible for unemployment compensation because said reasons are not objectively related to work conditions. *See, Gray v. Dobbs House, Inc., supra; Lewis v. Review Bd. of Ind. Employment Sec. Div.*, (1972) 152 Ind.App. 187, 282 N.E.2d 876.

The decision of the Review Board was supported by substantial evidence and was not contrary to law. The evidence established that Ford presented York and Lazar a retirement offer. The claimants accepted the offer because of the economic hardship in the automobile industry and their fears of the future with their employer. York and Lazar were not terminated or forced to work under changed conditions. "Voluntary unemployment is not compensable under the purpose of the [Ind. Employment Security] Act, which is to provide benefits for persons unemployed through no fault of their own." *Achenbach v. Review Bd. of Ind. Employment Sec. Div.*, (1962) 242 Ind. 655, 666, 179 N.E.2d 873, 879. York and Lazar voluntarily accepted retirement and are ineligible to receive TRA benefits.

York argued that he was coerced into retiring and that his case should not be considered as a voluntary termination. There is little merit to this contention because York could have refused this offer as he had done to four or five other retirement offers.

■■■ York and Lazar allege that they were denied procedural due process because they were not advised of their right to counsel at the referees' hearings and that the referees allegedly failed to perform

their statutory duties in assisting the claimants develop their cases at these hearings. It is well known that York and Lazar should have received notice of their right of counsel, however, this district requires the claimants to demonstrate prejudice in order to secure a reversal. *Felders v. Review Bd. of Ind. Employment Sec. Div.*, (1981) Ind. App., 419 N.E.2d 190. York presented an attachment which outlined his reasons for retiring and included exhibits supporting his position. Lazar explained his reasons for accepting retirement during his hearing. Although counsel may have been helpful to both men in presenting their claims, York and Lazar were able to explain their position adequately. While both claimants should have been given proper notice, we remain unpersuaded that they were prejudiced by their lack of counsel at the referees' hearings.

■ York and Lazar also allege that the referees failed to fulfill their statutory duties to fully develop the claims and therefore, they were denied due process. The referees' statutory duty to fully develop the case of a claimant is contained in Ind.Admin. Rules and Regs. (22–4–17–3)–1 which in part provides:

> Where either party fails to appear or where either party is not represented by an attorney or duly authorized agent, it shall be the duty of the referee to examine such party's witnesses, and to cross-examine all witnesses of the other party, in order to insure complete presentation of the case.

York and Lazar were the only witnesses to testify at their individual hearings. The referee questioned each of them concerning their claims. York and Lazar claim that the referees should have asked more questions. We find little merit in this contention because the record, although brief, demonstrates that the referee examined York and Lazar thoroughly. The dispositive evidence was established and the hearing was then completed. York and Lazar failed to demonstrate what information the referees could have discovered to more fully present their claims.

■ Lazar raises the additional issue that he was denied due process because the Review Board denied his motion to submit additional evidence. Lazar admits that he failed to comply with Ind.Admin. Rules and Regs. (22–4–17–6)–4 which requires claimants to submit a statement showing good cause for taking additional evidence, a summary of the evidence, and copies of any documentary evidence to be submitted. Lazar contends that the regulation is unreasonable because his appeal to Review Board was prior to the time he retained counsel, and therefore, counsel was not apprised of what transpired at the referee's hearing. In *Davidson v. Review Bd. of Ind. Employment Sec. Div.*, (1974) 160 Ind.App. 221, 311 N.E.2d 472, we stated:

> Appeals to the Review Board can not be considered piecemeal. Such a procedure would be intolerable. Each appeal submitted to the Review Board would be shrouded from an expeditious review and final determination. The time to begin a meaningful review would be immerged in a sea of uncertainties, and the purpose of the indiana Employment Security Act frustrated. Unemployment compensation claims require expeditious processing if they are to conform with the purpose of the Indiana Employment Security Act.

At the time Lazar filed his notice of appeal with the Review Board he stated his attorney would be filing a motion to submit additional evidence. The motion should have been filed with the notice of appeal. The failure to comply with the regulation is fatal because the Review Board has no discretion to disregard its own regulations. *Davidson v. Review Board, supra.*

The judgment is affirmed.

NEAL, P. J., and RATLIFF, J., concur.