Wanda MSHAR, Appellant (Defendant Below),

v.

REVIEW BOARD OF the INDIANA EM-PLOYMENT SECURITY DIVISION William H. Skinner, David L. Adams and Paul M. Hutson, as members of and as constituting the Review Board of the Indiana Employment Security Division, and Montgomery Ward Company, Appellees (Plaintiffs Below).

No. 2-1082A349.

Court of Appeals of Indiana, First District.

March 7, 1983.

William A. Kowalski, East Chicago, for appellant.

Linley E. Pearson, Atty. Gen., G. Douglas Seidman, Deputy Atty. Gen., Indianapolis, for appellees.

ROBERTSON, Presiding Judge.

Wanda Mshar (Mshar) appeals the decision of the Review Board of the Indiana Employment Security Division (Review Board) to deny her unemployment compensation. Mshar argues the Review Board's decision is contrary to law because the evidence is insufficient to support the Review Board's conclusion that she voluntarily left her employment without good cause.

Mshar also argues that she was denied due process because she was never advised of her right to counsel by the Employment Security Division.

We reverse the Review Board's decision in part. Because we find that Mshar terminated her employment for "good cause", we do not need to address the due process issue.

Mshar was employed as a seamstress by Montgomery Ward in Munster from April 14, 1965 to April 13, 1982. This was a full-time position of 40 hours per week at an hourly rate of $5.30. This position was eliminated. Mshar was offered a part-time sales clerk position at the same hourly rate, $5.30. She was told this position would be 20 to 29 hours of work per week. Mshar was told that she had the alternative to take early retirement because she was 55 years of age and she chose this alternative.

Mshar received 21 days of vacation pay which she had earned, 8½ weeks severance pay and pension payments of $169.41 a month to age 62.

■ The question whether an employee voluntarily left his employment without "good cause", thereby rendering himself ineligible for unemployment benefits pursuant to Ind.Code 22–4–15–1, is a question of fact to be determined by the Review Board. *Dozier v. Review Bd. of Indiana, Etc.,* (1982) Ind.App., 436 N.E.2d 373. When examining the Review Board's findings of fact on appeal, we only consider the evidence which supports the Review Board's decision and we do not reweigh the evidence. *York v. Review Bd. of Indiana Employment Sec.,* (1981) Ind.App., 425 N.E.2d 707. We will not reverse the Review Board's decision unless reasonable men would be bound to reach a different conclusion. *Marozsan v. Review Bd. of Ind. Emp. Div.,* (1982) Ind.App., 429 N.E.2d 986.

■ In relation to an employee's voluntary termination of employment, "good cause" means the employee's reasons for terminating must be objective and job related. It is only when the employer's demands on the employee are so unreasonable and unfair that a reasonably prudent person would be impelled to terminate that "good cause" exists for voluntary termination. *Marozsan, supra.*

■ In Mshar's case, we find that such unreasonableness was present and that reasonable men are bound to reach a result contrary to the Review Board's decision. Mshar's position was eliminated and the alternative position offered to her by Montgomery Ward involved unrelated duties and would have resulted in roughly a 25% to 50% cut in her working hours. In contrast to the employees' situation in *York, supra,*[1] where we held that the employees' acceptance of an early retirement offer, which included a bonus, because of potential future problems related to the automobile industry did not constitute good cause, Mshar did not have the option of continuing in her original job; it was being eliminated. Her income would have decreased markedly in the new position offered to her. Although the record refers to "early retirement", there is no indication Mshar was receiving any benefits to which she was not already entitled by her relationship with Montgomery Ward.

Therefore, the Review Board's decision that Mshar voluntarily left her employment without good cause is reversed.

Mshar has not challenged the Board's findings that she received deductible income and that she was unavailable for work, availability for work being a pre-requisite for benefits under Ind.Code 22–4–14–3. Therefore, her case is remanded to the Review Board for computation of her benefits in light of our decision on the issue of "good cause" for voluntary termination.

Review Board's decision reversed in part and cause remanded.

RATLIFF and NEAL, JJ., concur.

1. *York* involved the employees' eligibility for trade readjustment allowances which are federal benefits administered in Indiana pursuant to standards for unemployment compensation benefits. Thus, in *York* we interpreted I.C. 22–4–15–1.