Ernetta M. ROBINSON, Appellant,

v.

REVIEW BOARD OF the INDIANA EMPLOYMENT SECURITY DIVISION, John C. Mowrer, David L. Adams, and Joe A. Harris, as Members of and as constituting the Review Board of the Indiana Employment Security Division, and Foston Medical & Surgery, Appellees.

No. 93A02-8706-EX-238.

Court of Appeals of Indiana, Third District.

Dec. 21, 1987.

Judith M. Haller, Gary, for appellant.

Linley E. Pearson, Atty. Gen., Donald B. Kite, Sr., Deputy Atty. Gen., Indianapolis, for appellees.

HOFFMAN, Judge.

Claimant-appellant Ernetta M. Robinson appeals a decision of the Review Board of the Indiana Employment Security Division (the Board) denying Robinson's application for unemployment benefits. The claim was denied on the basis that she voluntarily left her employment.

The evidence relevant to the appeal discloses that Robinson had worked for her employer, Dr. Will Foston and Foston Medical and Surgery, for approximately three years when she left her employment in February 1987. Robinson was hired as a medical assistant working 31 hours per week at $5.50 per hour. In November 1986, Robinson was asked to accept an office manager position at the office of Dr. Rebera Foston, Dr. Will Foston's wife.

Robinson was then working 41 hours per week. The evidence reveals that despite genuine efforts by Robinson a break down in communications between the office staff and Dr. Rebera Foston caused rejection of a Medicaid billing in December 1986. Dr. Foston then demanded that Robinson improve her performance within two weeks or Robinson would face demotion to two days per week at Dr. Will Foston's office. At the end of the two weeks Robinson was sent to Dr. Will Foston's office to work 14 hours per week, again at $5.50 per hour.

Robinson worked for approximately one month at that rate, but could no longer afford her rent, and could not support her children. At the time, Robinson was renting a house from Dr. Foston.

Robinson testified that she had always worked at least 31 hours per week and that she would not have accepted employment for less than full-time. Further, she testified that even when Dr. Will Foston had begun working three days per week at his wife's office, she had been allowed to work 31 hours at his office. She was only reduced to two days per week after she was removed from the office manager position. Dr. Foston agreed that Robinson had always worked at least 31 hours per week until her demotion in December 1986.

Although the Board found that any unsatisfactory performance by Robinson as a officer manager was not through wilful or wanton conduct, the Board determined that Robinson voluntarily left her employment for reasons which would not "impel a reasonably prudent person to terminate" employment. The Board concluded that the reduction in hours was attributable to the doctor's case load, and that there was no evidence that Robinson "would not be given more working hours per week as [Foston's] work load increased."

On review, this Court will neither reweigh evidence nor judge the credibility of witnesses, but the Court will determine whether the Board's findings contain all specific facts relevant to the issues. *Quillen v. Review Bd. of Ind. Emp. Sec.* (1984), Ind.App, 468 N.E.2d 238, 241. To establish "good cause" for leaving employment with

the entitlement to unemployment benefits, the claimant must demonstrate that the reason for terminating the employment are job related and objective in character, excluding reasons which are personal and subjective. *Lofton v. Review Bd. of Ind. Emp. Sec. Div.* (1986), Ind.App., 499 N.E. 2d 801, 802. The question of whether employment was voluntarily terminated without good cause is a question of fact to be determined by the Board and its decision will be reversed only if reasonable persons would be bound to reach a different conclusion. *Mshar v. Review Bd. of Ind. Emp. Sec. Div.* (1983), Ind.App., 445 N.E.2d 1376, 1377. Thus, when an employer's demands on the employee are so unreasonable that a reasonably prudent person would be impelled to terminate, "good cause" exists. *Marozsan v. Review Bd. of Ind. Emp. Sec. Div.* (1982), Ind.App., 429 N.E.2d 986, 990.

In *Mshar, supra,* this Court determined that the employer's actions were unreasonable even though the Board had found otherwise. 445 N.E.2d at 1377. The employer in *Mshar* eliminated the claimant's position and offered the claimant a part-time position comprised of 20 to 29 hours per week at the same rate of pay as she formerly received at her full-time position, $5.30 per hour. In the alternative she could take "early retirement" which did not offer any benefits to which she was not already entitled. This Court reasoned that because she did not have the option of continuing in her original job and that the new job required a substantial decrease in income, the claimant had "good cause" to leave her employment. *Mshar, supra,* 445 N.E.2d at 1377.

■ Similarly, in the present case Robinson's position was dramatically altered from the original position where she received at least 31 hours per week and from her second position where she received increased hours and pay. A reasonably prudent person who was supporting children and paying rent would be forced to terminate a position which offered only 14 hours of work per week. Contrary to the Board's findings, the evidence does not support an inference that Robinson's hours would increase or that the work load at Dr. Will

Foston's office would increase. There was no evidence that he ever intended to work at his office more than two days per week.

The Board urges that *Wasylk v. Review Bd. of Ind. Emp. Sec. Div.* (1983), Ind. App., 454 N.E.2d 1243, demands a finding that Robinson left her employment without good cause. In *Wasylk* the claimant had been hired on a part-time basis with an express agreement that no certain number of hours were guaranteed. After working a greater number of hours for almost one year, Wasylk's hours were reduced by approximately 9 hours per week. Wasylk terminated his employment. This Court distinguished Wasylk's termination from those where a drastic reduction, which is not seasonal, motivates a worker to terminate employment. *Wasylk, supra,* 454 N.E.2d at 1246–1247.

■ *Wasylk* is inapplicable to the present case. Robinson had not signed an agreement and was not expressly informed that her hours were not guaranteed. She had always worked at least 31 hours. When her hours and pay were reduced she was not returned to her former position and work hours. Instead her hours were drastically reduced to a 14–hour work week. The evidence demonstrated that the reduction was neither seasonal nor temporary. Robinson left her employment for good cause.

For the foregoing reasons the Board's decision is reversed and the cause is remanded for computation of Robinson's benefits in accordance with this decision.

Reversed and remanded.

GARRARD and SHIELDS, P.JJ., concur.