Lisa C. McHUGH, Appellant,

v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Hehner & Douglass, Appellees.

No. 93A02–0507–EX–677.

Court of Appeals of Indiana.

Feb. 16, 2006.

---

4. The State neither charged Calhoon with, nor sought to instruct the jury on, the lesser offense of trespassing.

**438**

James R. Recker, II, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Elizabeth Rogers, Deputy Attorney General, Indianapolis, for Appellees.

## OPINION

MATHIAS, Judge.

Lisa McHugh ("McHugh") was discharged by her employer, Hehner & Douglass ("Employer"), for events surrounding an unauthorized absence, including lying to Employer, and for intentionally disregarding standard office procedure regarding the mailing of legal documents. The Review Board of the Indiana Department of Workforce Development (the "Board") affirmed the Administrative Law Judge's decision, which concluded that McHugh was terminated for just cause, and denied McHugh's request to submit additional evidence. McHugh raises two issues on appeal, which we restate as:

I.  Whether the Review Board's conclusion that McHugh was terminated for just cause was contrary to law; and,

II. Whether the Review Board erred when it denied McHugh's request to submit additional evidence pursuant to 646 I.A.C. 3–12–8(b).

Concluding that the Board's determination that McHugh was terminated for just cause was not contrary to law and that the Board did not err when it denied McHugh's request to submit additional evidence, we affirm.

## Facts and Procedural History

McHugh was hired by Employer as a paralegal, with her at-will employment commencing on April 5, 2004. At approximately noon on May 27, 2004, McHugh approached her supervisor, Elizabeth South ("South"), and requested the rest of the afternoon off to conduct personal affairs, including the retrieval of her automobile, which had been towed, and to sign an apartment lease. South discouraged McHugh from taking time off work to attend to personal matters, as McHugh was still in the midst of her ninety-day probationary employment period. McHugh insisted that she could not handle these personal affairs at any other time because her son had to be picked up from daycare by 5:45 p.m. and Employer closed its office at 5:00 p.m. each day. McHugh then obtained permission to leave early from one of Employer's named partners, Patricia Douglass ("Douglass").

Upon leaving work that afternoon,

McHugh attended Carburetion Day[1] at the Indianapolis Motor Speedway ("Speedway"). McHugh's boss, James Hehner ("Hehner"), testified that on the previous day, May 26, 2004, McHugh "told another employee that she was going to carb day." Tr. p. 3. McHugh never communicated to Employer the fact that she was going to attend Carburetion Day at the Speedway during the afternoon in question. Tr. pp. 12–13. After attending Carburetion Day, McHugh retrieved her girlfriend's vehicle out of the towing lot at approximately 3:00 p.m. Tr. p. 12. McHugh also testified that she signed the lease and received the key to her apartment later that day between 5:00 p.m. and 5:30 p.m. Tr. p. 11. She then picked up her son from daycare at approximately 5:45 p.m., as she had informed Employer she planned to do. Tr. p. 13. McHugh was not paid for the requested time she spent absent from work on May 27, 2004.

On May 28, 2004, one day after McHugh's partial absence from work, she was assigned mail duty by Employer. Employer has a system for mail by which employees alternate leaving the office at approximately 4:15 p.m. to deposit that day's certified mail at the central post office. Appellant's App. p. 20. If there is no certified mail on that particular day, the employees leave at approximately 4:30 p.m. to place Employer's mail in a specific mailbox on Pennsylvania Street. The Pennsylvania Street mailbox has a scheduled pick-up time of 6:00 p.m. Appellant's App. pp. 6–7, 20–21. The mail that McHugh was assigned to place in the mailbox on May 28, 2004, was post-marked on June 1, 2004. Appellant's App. pp. 7, 22.

On June 3, 2004, Hehner discovered that during her approved half-day absence, and in addition to the personal matters that she previously informed her supervisors of, McHugh had also attended Carburetion Day. Hehner observed a photograph of McHugh, taken at the Speedway in her Outlook Express e-mail account on her work computer. Appellant's App. pp. 4, 6. The photograph was taken by a cell phone on Thursday, May 27, 2004, at approximately 2:00 p.m., and had been sent to McHugh's Outlook Express account later that evening. Appellee's App. pp. 1–2. Hehner is the sole owner of Employer and owns the Outlook Express e-mail system. Tr. pp. 4–5. As a result of this discovery, Employer terminated McHugh's employment for lying to Employer about the circumstances surrounding her absence during the afternoon of May 27, 2004. Tr. pp. 6, 29.

On or about June 24, 2004, the Indiana Department of Workforce Development ("IDWD") determined that McHugh "was not discharged for just cause" by Employer. Appellant's App. p. 30. As a result, McHugh was eligible to receive weekly unemployment insurance benefits: On July 2, 2004, Employer filed a Notice of Appeal. Subsequently, an evidentiary hearing was held before the IDWD, with Administrative Law Judge Michael White ("Judge White") presiding. On November 10, 2004, upon hearing the evidence, Judge White reversed the IDWD's determination that McHugh was not terminated for just cause. Appellant's App. pp. 33–34. On November 24, 2004, McHugh appealed to the Board and requested that it consider additional evidence pursuant to 646 I.A.C. 3–12–8(b). Appellant's App. pp. 35–36.

---

1. Carburetion Day, or "Carb Day," as it is commonly referred to at the Indianapolis Motor Speedway, is the final practice before the Indianapolis 500. While providing the race teams with one last opportunity to make ad-justments and tune-ups prior to the race, Carb Day also provides spectators with the opportunity to participate in various festivities at the Speedway.

On April 15, 2005, the Board affirmed Judge White's decision and denied McHugh's request to submit additional evidence. Appellant's App. p. 37. McHugh now appeals. Additional facts will be provided as necessary.

## Standard of Review

■ The Indiana Unemployment Compensation Act provides that "[a]ny decision of the review board shall be conclusive and binding as to all questions of fact." Ind. Code § 22–4–17–12(a) (2005). When the decision is challenged as contrary to law, the reviewing court is limited to a two-part inquiry into the "sufficiency of the facts found to sustain the decision" and the "sufficiency of the evidence to sustain the findings of facts." Ind.Code § 22–4–17–12(f) (2005). This standard calls upon this court to review: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *Stanrail Corp. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 735 N.E.2d 1197, 1202 (Ind.Ct.App.2000) (citing *McClain v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998)).

■ Review of the Board's findings of basic fact are subject to a "substantial evidence" standard of review. *McClain*, 693 N.E.2d at 1317 (citing *KBI, Inc. v. Review Bd. of the Ind. Dep't of Workforce Dev.*, 656 N.E.2d 842, 846 (Ind.Ct.App. 1995)). In this analysis, we neither reweigh the evidence nor assess the credibility of witnesses and consider only the evidence most favorable to the Board's findings. *Gen. Motors Corp. v. Review Bd. of the Ind. Dep't Workforce Dev.*, 671 N.E.2d 493, 496 (Ind.Ct.App.1996). Reversal is warranted only if there is no substantial evidence to support the Board's findings. *KBI, Inc.*, 656 N.E.2d at 846. The Board's determinations of ultimate facts involve an inference or deduction based upon the findings of basic fact that is typically reviewed to ensure that the Board's inference is reasonable. *McClain*, 693 N.E.2d at 1317–18. Finally, we review conclusions of law to determine whether the Board correctly interpreted and applied the law. *Parkison v. James River Corp.*, 659 N.E.2d 690, 692 (Ind.Ct. App.1996).

## Discussion and Decision

### I. Discharged for "Just Cause"

■ In Indiana, an unemployed claimant is ineligible for unemployment benefits if she is discharged for "just cause" pursuant to Indiana Code section 22–4–15–1. *Stanrail Corp.*, 735 N.E.2d at 1202; Ind. Code § 22–4–15–1 (2005). Under the statute,

"Discharge for just cause" as used in this section is defined to include but not be limited to:

* * *

(8) ... or for any breach of duty in connection with work which is reasonably owed an employer by an employee.

Ind.Code § 22–4–15–1(d) (2005). Discharge for just cause in connection with employment includes discharge for the employee's willful disregard of the employer's interest or the employee's willful disregard of the employee's duties. *Osborn v. Review Bd. of the Ind. Employment Sec. Div.*, 178 Ind.App. 22, 27, 381 N.E.2d 495, 498 (1978).

In her brief, McHugh rests her claim for just cause related to her absence upon section 22–4–15–1(d)(2), which provides, in pertinent part, that just cause includes the "(2) knowing violation of a reasonable and uniformly enforced rule of an employer[.]" Ind.Code § 22–4–15–1(d)(2) (2005); Br. of Appellant at 6–7. However, we find sec-

tion 22–4–15–1(d)(8) to be dispositive of this issue. Hehner testified that McHugh was discharged "for unauthorized absence and lying to us about the reason for the absence[.]" Tr. p. 2. When Judge White reviewed this matter, he cited to section (d)(8) to support his conclusions of law. Appellant's App. p. 34. As such, we review the issue of McHugh's termination for just cause under section (d)(8), which states that "just cause" includes being discharged "for any breach of duty in connection with work which is reasonably owed an employer by an employee." Ind.Code § 22–4–15–1(d)(8) (2005).

■ It is well-established that an employee owes certain reasonably understood duties to her employer. *See Hehr v. Review Bd. of the Ind. Employment Sec. Div.*, 534 N.E.2d 1122, 1126 (Ind.Ct.App. 1989); *See also* Ind.Code § 22–4–15–1(d)(8) (2005). The nature of an understood duty owed to the employer must be such that a reasonable employee of that employer would understand that the conduct in question was a violation of a duty owed to the employer and that she would be subject to discharge for engaging in such activity or behavior. *Hehr*, 534 N.E.2d at 1126.

■ In Judge White's findings of fact, adopted by the Board, the following determinations were made:

On Friday, May 28 2004 [Thursday, May 27, 2004] Ms. McHugh requested permission to leave the office early. She stated that she had to retrieve her automobile from a tow lot and obtain keys for a new apartment. Hehner & Douglass asked Ms. McHugh to take care of these matters outside of office hours. Ms. McHugh responded that she had no other choice but to leave the office early to attend to these matters. Relunctantly[sic], Hehner & Douglass granted Ms.

McHugh permission to leave the office at 12:00 noon.

From the office Ms. McHugh proceeded directly to the Indianapolis Motor Speedway to attend a festive event associated with the Indianapolis Motor Speedway 500–Mile Race. Ms. McHugh knew that she was going to the Speedway when she told Hehner & Douglass that she needed to leave early in order to retrieve her car from a tow lot and to pick up her apartment keys. Ms. McHugh lied to Hehner & Douglass in order to obtain permission to leave work early in order to go to the Speedway.

Appellant's App. p. 33. During the evidentiary hearing, Hehner testified that on May 26, 2004, the day prior to McHugh's absence in question, McHugh "told another employee that she was going to carb day." Tr. p. 3. Hehner's testimony qualifies as hearsay evidence. The admission of hearsay evidence is proper in an administrative hearing. *Hinkle v. Garrett–Keyser–Butler Sch. Dist.*, 567 N.E.2d 1173, 1178 (Ind.Ct.App.1991). The admission of hearsay evidence in an administrative action, however, is not without limitation. *Id.* "If not objected to, the hearsay evidence may form the basis for an order. However, if the evidence is properly objected to and does not fall within a recognized exception to the hearsay rule, the resulting order may not be based solely upon the hearsay evidence." Ind.Code § 4–21.5–3–26(a) (2002).

■ McHugh contends that, absent the hearsay evidence, the evidence is insufficient to sustain the Board's finding that McHugh even intended to go to the Indianapolis Motor Speedway at the time she made her request to leave early. A review of the record dictates otherwise. During a brief period of questioning at the evidentiary hearing, Judge White engaged in the following exchange with McHugh:

Q: Okay. So when you, when you asked to go, when you had asked for the time off, did you know you were going to go to the track?

A: Uh-huh.

Q: Is that a, is that yes?

A: Yes.

Tr. p. 26. The Board's determinations of fact and inferences drawn therefrom are clearly supported by substantial evidence contained within the record. We will not entertain McHugh's invitation to reweigh the evidence or reassess the credibility of the witnesses who testified as part of the evidentiary hearing conducted by the Board. McHugh owed Employer the duty of basic honesty and truthfulness, a duty that she breached when she obtained permission to take a half day off from work on May 27, 2004, to retrieve her towed vehicle and execute an apartment lease, but then elected to attend Carburetion Day instead. We conclude that a breach of this core duty of honesty and truthfulness satisfies the statutory definition of "just cause" pursuant to Indiana Code section 22–4–15–1(d)(8). As such, the Board's conclusion that McHugh was discharged for "just cause" was not contrary to law.[2]

## II. Request to Submit Additional Evidence

Next, McHugh contends that the Board erred when it denied her request to submit additional evidence pursuant to Indiana Administrative Code title 646. We disagree.

■ Section 3–12–8(b) provides, in pertinent part:

Each hearing before the review board shall be confined to the evidence submitted before the administrative law judge unless it is an original hearing. Provided, however, the review board may hear or procure additional evidence upon its own motion, or upon written application of either party, and for good cause shown, together with a showing of good reason why such additional evidence was not procured and introduced at the hearing before the administrative law judge.

Ind. Admin. Code tit. 646, sec. 3–12–8(b) (2006). Thus, the Board has discretion to deny a request for a further hearing based on allegedly new evidence if the applicant fails to present a good reason for the failure to present the evidence at the original hearing. *Best Lock Corp. v. Review Bd. of Ind. Dep't of Employment and Training Servs.*, 572 N.E.2d 520, 528–29 (Ind.Ct.App.1991).

■ On November 24, 2004, McHugh filed a formal Application for Leave to Introduce Additional Evidence to the Review Board, seeking to introduce six pieces of additional evidence.[3] McHugh offers these pieces of evidence to rebut Employ-

---

2. Given our resolution of this issue, we need not address McHugh's argument that the Board's conclusion was also contrary to law insofar as Employer cannot demonstrate a knowing violation of Employer's rule regarding mail delivery instructions. *See* Br. of Appellant at 8. Pursuant to Indiana Code section 22–4–15–1(d)(2), "discharge for just cause" is also defined to include the "knowing violation of a reasonable and uniformly enforced rule of an employer." Ind.Code § 22–4–15–1(d)(2) (2005).

3. In support of her application, McHugh states that "[t]he affidavits of Michelle Poin-

dexter [sic] Arbor Green Apartments were not introduced because I was not represented by counsel at the hearing and did not know I would need them. Now that I can, I know the law better and hope to establish the rules of this office are 1) not uniform as to all employees as to their enforcement, 2) I do [sic] not knowingly violate them when I took time off." Appellant's App. p. 36. McHugh fails to comment on the three remaining pieces of additional evidence, including an affidavit of her girlfriend, Carol Townsend, and copies of the towing tickets and towing company receipts. *Id.*

er's claim that McHugh was untruthful in stating her reason(s) for requesting time off on May 27, 2004. McHugh claims that the documents "provide evidence that [McHugh] did sign a lease for a new apartment and did remove her car from impound just as she stated she intended." Br. of Appellant at 8–9. However, whether or not McHugh incidentally attended to her personal matters on May 27, 2004, has no impact on whether she was discharged for just cause by Employer. As previously stated, McHugh was discharged for just cause pursuant to Indiana Code section 22–4–15–1(d)(8), specifically for breaching her duty of honesty to Employer by leaving work to attend Carburetion Day at the Indianapolis Motor Speedway. In sum, McHugh presented the Board with documentation that has no relevance to the dispositive issue regarding her termination for just cause. We therefore conclude that the Board did not err when it denied McHugh's request to submit additional evidence.

## Conclusion

Concluding that the Board's determination that Employer terminated McHugh for "just cause" was not contrary to law, and that the Board did not err when it denied McHugh's request to submit additional evidence, we affirm.

Affirmed.

ROBB, J., and VAIDIK, J., concur.