v.

REVIEW BOARD OF the INDIANA DEPARTMENT OF WORKFORCE DEVELOPMENT and Daimler Chrysler Co. LLC, Appellees.

No. 93A02–1004–EX–568.

Court of Appeals of Indiana.

Nov. 5, 2010.

S.A., Kokomo, IN, Appellant Pro Se.

Gregory F. Zoeller, Attorney General of Indiana, Stephanie Rothenberg, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee Review Board of the Indiana Department of Workforce Development.

## OPINION

CRONE, Judge.

### Case Summary

S.A., who was laid off from her job at Daimler Chrysler, accepted an early retirement package, and her unemployment benefits were suspended. Although S.A.

felt pressured to accept the retirement package, we agree with the Review Board of the Indiana Department of Workforce Development ("the Board") that her acceptance of the package made her ineligible to continue receiving unemployment benefits. Therefore, we affirm the Board's decision.

## Facts and Procedural History

S.A. began working for Daimler Chrysler on June 1, 1999. In February of 2008, S.A. was laid off, but continued to receive some pay from Daimler Chrysler. She also received unemployment benefits. Eventually, Daimler Chrysler offered an early retirement package to S.A., who was fifty-five years old at the time. S.A. accepted the early retirement offer and ceased to be a Daimler Chrysler employee on May 30, 2009.

On June 10, 2009, S.A.'s unemployment benefits were suspended because a claims deputy determined that she had voluntarily left employment without good cause in connection with the work. S.A. requested a hearing before an administrative law judge ("ALJ"). The hearing was held on December 2, 2009, and S.A. was the only witness. S.A. testified that she accepted early retirement "because [her] benefits were running out and [she] was told that there was virtually no chance of [her] getting back to work, and [she] needed the insurance, so that retirement would offer." Tr. at 3–4. The ALJ affirmed the claims deputy's determination that S.A. had left employment without good cause in connection with the work and therefore was ineligible to continue receiving benefits.

S.A. appealed to the Board. The Board found that the ALJ had failed to address Indiana Code Section 22–4–14–1, which is titled "Claims; inverse seniority layoffs." Pursuant to that section, the Board concluded that S.A.'s acceptance of the early retirement package made her ineligible to continue receiving unemployment benefits. S.A. now appeals.

## Discussion and Decision

On appeal, we review the Board's: (1) determinations of specific or basic underlying facts; (2) conclusions or inferences from those facts, or determinations of ultimate facts; and (3) conclusions of law. *McHugh v. Review Bd. of Ind. Dep't of Workforce Dev.*, 842 N.E.2d 436, 440 (Ind.Ct.App.2006). The Board's findings of fact are subject to a substantial evidence standard of review. *Id.* We do not reweigh the evidence or assess the credibility of witnesses, and we consider only the evidence most favorable to the Board's findings. *Id.* We will reverse only if there is no substantial evidence to support the Board's findings. *Id.* "The Board's conclusions as to ultimate facts involve an inference or deduction based on the findings of basic fact." *McClain v. Review Bd. of Ind. Dep't. of Workforce Dev.*, 693 N.E.2d 1314, 1317 (Ind.1998). The reviewing court determines if the Board's inference was a reasonable one. *Id.* at 1318. Finally, we assess whether the Board correctly interpreted and applied the law in making the conclusions of law. *McHugh*, 842 N.E.2d at 440.

S.A. argues that the Board erroneously determined that she left employment without good cause in connection with the work. An individual who voluntarily leaves his or her employment "without good cause in connection with the work" is not eligible for unemployment benefits. Ind.Code § 22–4–15–1(a). The question of whether an employee quit without good cause is a question of fact to be determined by the Board. *Indianapolis Osteopathic Hosp., Inc. v. Jones*, 669 N.E.2d 431, 433 (Ind.Ct.App.1996). The claimant has the burden to prove that good cause existed. *Id.* The reason for quitting must be job-related and objective in character, excluding purely subjective and personal reasons, and the demands placed

upon the employee must be so unreasonable or unfair that a reasonably prudent person would be compelled to quit. *Kentucky Truck Sales, Inc. v. Review Bd. of the Ind. Dep't. of Workforce Dev.,* 725 N.E.2d 523, 526 (Ind.Ct.App.2000).

S.A. argues that she had been receiving unemployment benefits for fifteen months before she accepted the retirement package. Therefore, she argues, she was already "unemployed" at the time, and accepting the retirement package did not change her status. However, we conclude that the Board properly applied Indiana Code Section 22–4–14–1(c), which states:

> This subsection does not apply to a person who elects to retire in connection with a layoff or plant closure and receive pension, retirement, or annuity payments. Except as provided in IC 22–4–5–1,[1] a person who:
>
> (1) accepts an offer of payment or other compensation offered by an employer to avert or lessen the effect of a layoff or plant closure; and
>
> (2) otherwise meets the eligibility requirements established by this article;
>
> is entitled to receive benefits in the same amounts, under the same terms, and subject to the same conditions as any other unemployed person.

S.A. originally accepted compensation in connection with a layoff, and therefore was eligible for benefits, although the compensation from her employer would be deducted from her benefits, pursuant to Indiana Code Section 22–4–5–1. She later elected to retire and now fits within the exclusion contained in Indiana Code Section 22–4–14–1(c): "This subsection does not apply to a person who elects to retire in connection

with a layoff or plant closure and receive pension, retirement, or annuity payments."

We acknowledge that S.A. felt pressured to retire. However, her case is strikingly similar to *York v. Review Board of the Indiana Employment Security Division,* in which we held that an employee who accepted an early retirement package left employment without good cause in connection with the work. 425 N.E.2d 707, 711 (Ind.Ct.App.1981). York worked for Ford Motor Company and entered a retirement agreement on April 30, 1980, at a time when Ford was consolidating and eliminating jobs. York was denied benefits because the Board found that his reasons for leaving work were personal.[2] On appeal, York argued that he was forced to retire and had merely mitigated his economic losses. We noted that "the current economic distress which plagues the automobile industry is well known" and that York "may have been justified in [his] fears about the future of this industry." *Id.* However, we concluded that "a bonus, offered as an inducement to accept early retirement, is not a proper factor in voluntary termination cases." *Id.* Therefore, we agreed with the Board that his reasons for leaving work were personal. *Id.* Although *York* predates the addition of subsection (c), we agree with its reasoning; therefore, we affirm the Board's decision.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.

---

1. This section defines income that must be deducted from a claimant's weekly benefit amount.

2. York applied for Trade Readjustment Allowance benefits, which is a federally funded

program; however, because the benefits are administered by the states, we applied Indiana unemployment compensation law. *York,* 425 N.E.2d at 709, 710 n. 1.