Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 03 2013, 7:01 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**ARLISHA WILLIAMS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ARLISHA WILLIAMS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1211-EX-959 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and UPS GROUND | ) | |
| FREIGHT, INC., | ) | |
| | ) | |
| Appellees. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE INDIANA
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 12-R-4211

**July 3, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Arlisha Williams appeals the determination by the Review Board of the Indiana Department of Workforce Development ("the Board") that she is not entitled to unemployment benefits. We affirm.

ISSUE

Williams claims that the evidence does not support the Board's decision.

FACTS AND PROCEDURAL HISTORY

On April 30, 2012, Williams began working for UPS Ground Freight, Inc. ("UPS"), in Indianapolis as a part-time truck loader. She worked until May 2, 2012, and then she did not return to work. Williams told a supervisor that she had a medical condition, had concerns about working in the trucks in the heat, and would speak to her doctor about it. The following week, she called in each day to report she would not be there. She did not call at all during the week after that, and UPS deemed her employment to be terminated.

Williams applied for unemployment benefits. A deputy determined that she was entitled to benefits. UPS appealed. An administrative law judge ("the ALJ") held a hearing, at which Williams and a UPS representative appeared and submitted evidence. After the hearing, the ALJ determined that Williams voluntarily left her employment without good cause and reversed the deputy's determination.

Williams requested review by the Board. The Board did not hold a hearing or accept additional evidence. After its review, the Board adopted and incorporated the

2

ALJ's findings of fact and conclusions of law and affirmed the ALJ's decision. This appeal followed.

DISCUSSION AND DECISION

Williams claims the Board erred in determining that she voluntarily left employment without good cause. As an initial matter, the Board asserts that Williams has waived her claims for appellate review because: (1) Williams did not file an Appellant's Appendix and (2) Williams's Appellant's Brief lacks citation to authority and cogent argument. We hold pro se litigants such as Williams to the same standard as trained attorneys. *T.R. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 950 N.E.2d 792, 795 (Ind. Ct. App. 2011). At the same time, we prefer to resolve cases on the merits whenever possible. *Id.* Here, despite the defects in Williams's brief and the absence of an Appendix, there is a sufficient record for us to address the merits of Williams's appeal. Thus, we reject the Board's claim of waiver.

The Board's decision is conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a) (1995). On appeal, the standard of review is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). When reviewing findings of basic fact, we neither reweigh the evidence nor judge the credibility of witnesses. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). Rather,

3

we consider only the evidence most favorable to the Board's findings, and we reverse only if there is no substantial evidence to support the findings. *Id.*

The purpose of the Unemployment Compensation Act is to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control. *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009). Consistent with this purpose, a stricter standard is imposed upon those who voluntarily quit working. *Id.* An employee who has voluntarily left his or her employment without good cause in connection with the work is ineligible for unemployment benefits. Ind. Code § 22-4-15-1(a) (2009). The question of whether an employee quit without good cause is a question of fact to be determined by the Board. *S.A. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 936 N.E.2d 336, 337 (Ind. Ct. App. 2010). The claimant has the burden to prove that good cause existed. *Id.* The reason for quitting must be job-related and objective in character, excluding purely subjective and personal reasons. *Id.* at 337-38.

Here, Williams contends that she received permission from a supervisor to stay home from work on May 3, 2012, due to a death in the family. She further contends that she was unable to reach the supervisor on subsequent days and instead later spoke to a human resources employee, who told her that her employment would be terminated. These contentions are a request to reweigh the evidence, which we cannot do. The evidence most favorable to the ALJ's findings, which the Board adopted, is that Williams called in on a daily basis for a week to report that she could not return and thereafter did not communicate with her supervisor. She never spoke with her supervisor about

4

whether she was terminated. Although she had expressed concerns about whether the nature of the work posed a threat to her health, she never went to the doctor. This is sufficient evidence from which the Board could determine that Williams left her employment without good cause.

## CONCLUSION

For the reasons stated above, we affirm the Board's decision.

Affirmed.

BROWN, J., and PYLE, J., concur.