**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 12 2013, 10:13 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SAMUEL L. BOLINGER**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KRISTIN GARN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JACQUELYN S. JOHNSON-TAEFI, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 93A02-1306-EX-484 |
| | ) | |
| REVIEW BOARD OF THE INDIANA | ) | |
| DEPARTMENT OF WORKFORCE | ) | |
| DEVELOPMENT and AME CLEANING | ) | |
| SERVICES LLC, | ) | |
| | ) | |
| Appellees-Respondents. | ) | |

APPEAL FROM THE REVIEW BOARD OF THE
DEPARTMENT OF WORKFORCE DEVELOPMENT
Cause No. 13-R-01599

**December 12, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Here, when a manager of a small janitorial service needed to take a medical leave, she promptly informed her supervisor, and a mutually agreeable arrangement was made for her to work from home until she could return to work full-time. However, conflict arose when the compensation that the manager received from this arrangement was insufficient to meet her needs. When the manager approached her supervisor about placing her on a layoff status so that she could receive unemployment compensation, the supervisor refused, explaining that there was light work available to the manager even though it was not on a full-time basis. The manager subsequently resigned and filed for unemployment benefits.

The claims deputy determined that the manager was involuntarily unemployed because of a medically documented physical disability, but the ALJ and the appellee-respondent Review Board of the Indiana Department of Workforce Development (Review Board) reversed, concluding that the manager did not take reasonable measures to maintain the employment relationship.

Appellant-petitioner Jacquelyn S. Johnson-Taefi now appeals the Review Board's decision, arguing that she did take reasonable measures to maintain the employment relationship with her employer, appellee-respondent AME Cleaning Services LLC (AME). Finding no error, we affirm the judgment of the Review Board.

2

## FACTS

Taefi was employed by AME in Fort Wayne from March 2011 to January 9, 2013. Until December 28, 2012, Taefi was a manager, supervising five to ten employees. Taefi received a salary of $500 a week for her services.

Taefi had needed surgery for a long time but decided to wait until AME was going through a slow period. Taefi's doctor scheduled her surgery and placed her on a leave of absence effective December 28, 2012. Before the surgery, Taefi requested that Angela Ertel, owner of AME, permit Taefi to perform light duty work at home. Ertel agreed but at a reduced rate of pay because there was not as much light duty work available. For the first week that Taefi performed work from home, she received $250 because, according to Ertel, she "didn't want [Taefi] to take a hit all at once." Tr. p. 6. After the first week, Taifi received an hourly rate, until she could return to work full time. Another AME employee, Christopher Jordan, testified that he overheard Ertel explain this arrangement to Taefi and that she was agreeable to it.

A dispute arose when Taefi requested Ertel to place her on layoff status for lack of work to allow Taefi to draw unemployment benefits even though there was both light duty and full-time work available. Ertel refused, and Taefi became visibly upset when she realized that she would have no income while on medical leave. Taefi did not return to light duty or to regular full-time work after that incident. On January 8, 2013, Taefi turned in her work equipment, and, according to Taefi, showed Ertel how to use it. Taefi informed Ertel that she was resigning on January 9, 2013.

3

Taefi applied for unemployment insurance benefits, and on January 31, 2013, a claims deputy from the Department of Workforce Development determined that she was eligible for unemployment insurance benefits because she was involuntarily unemployed because of a physical disability and made reasonable efforts to maintain her employment relationship. On February 13, 2013, AME filed an appeal, and an ALJ held a hearing on April 11, 2013, during which the facts were heavily disputed. Then, on April 12, 2013, the ALJ reversed the claims deputy's decision and found Taefi ineligible for unemployment benefits. More particularly, the ALJ concluded that "although [Taefi] did have a medically substantiated physical disability that necessitated her to be placed on a leave of absence, [Taefi] did not take reasonable measures to maintain the employment relationship . . . ." Ex. p. 26.

Taefi filed an appeal with the Review Board, and on April 20, 2013, the Review Board issued a decision affirming the ALJ's analysis and decision. Taefi now appeals.

DISCUSSION AND DECISION

Taefi argues that the decision of the Review Board affirming the ALJ should be reversed because she satisfied the requirements of the medical modification provision, which is a statutory exception from disqualification to receive unemployment benefits. This Court reviews the Review Board's findings of fact under the substantial evidence standard. McClain v. Review Bd. of the Ind. Dep't of Workforce Dev., 693 N.E.2d 1314, 1317 (Ind. 1998). We will neither reweigh the evidence nor assess the credibility of witnesses. Id. Rather, we will consider only the findings most favorable to the

4

Review Board's findings.  Id.  Reversal is appropriate only if there is no substantial evidence to support the Review Board's findings.  Id.

Indiana law provides that when an individual voluntarily leaves her employment without good cause in connection with the work, she is disqualified from receiving unemployment compensation benefits.  Ind. Code § 22-4-15-1(a).  This Court has stated that "[i]t is only when the employer's demands on the employee are so unreasonable and unfair that a reasonably prudent person would be impelled to terminate that 'good cause' exists for voluntary termination."  Mshar v. Review Bd. of Ind. Emp't Sec. Div., 445 N.E.2d 1376, 1377 (Ind. Ct. App. 1983).

Notwithstanding the above, the General Assembly has modified the grounds for disqualification.  More particularly, Indiana Code section 22-4-15-1(c)(2) provides:

> An individual whose unemployment is the result of medically substantiated physical disability and who is involuntarily unemployed after having made reasonable efforts to maintain the employment relationship shall not be subject to disqualification under this section for such separation.

Put another way, an individual will not be disqualified from receiving unemployment benefits if that individual can show that she is unemployed because of a medically substantiated physical disability and she made reasonable efforts to maintain the employment relationship.  Thus, a claimant must satisfy both of these prongs to be eligible for the modification under Indiana Code section 22-4-15-1(c)(2).

5

Here, Taefi submitted a letter to AME from her doctor informing AME that Taefi needed "to be off work from 12/28/2012 to [sic] until after surgery for medical reasons." Appellant's App. p. 3. Accordingly, Taefi satisfied the first prong of the statute.

Regarding the second prong, Ertel testified that a conflict arose between Taefi and her when Taefi requested that Ertel place her on layoff status so that Taefi could draw unemployment while she was on medical leave. Tr. p. 7. Ertel testified that she refused Taefi's request because there was some light duty work available but not enough for Taefi to accumulate as many hours as she needed. Id.

Additionally, Ertel testified that on January 9, 2013, after the incident during which Taefi requested to be placed on layoff status, Taefi called Ertel and informed her that she was resigning. Id. at 8. In light of these facts and circumstances, we cannot conclude that the ALJ and the Review Board erred when it determined that Taefi failed to satisfy the second prong, namely, that Taefi failed to make reasonable efforts to maintain the employment relationship.

The judgment of the Review Board is affirmed.

NAJAM, J., and CRONE, J., concur.