## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 15 2015, 9:09 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Amy Andreas
Abhishek Chaudhary
Indiana Legal Services, Inc.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Kathleen Burnell,

*Appellant,*

v.

Review Board of the Indiana Department of Workforce Development,

*Appellee.*

September 15, 2015

Court of Appeals Cause No.
93A02-1505-EX-260

Appeal from the Review Board of the Department of Workforce Development

Steven F. Bier, Chairperson
George H. Baker, Member
Lawrence A. Dailey, Member

Review Board Case No.
15-R-633

**Barnes, Judge.**

# Case Summary

[1] Kathleen Burnell[1] appeals the determination of the Review Board of the Indiana Department of Workforce Development ("Review Board") to deny her claim for unemployment benefits. We affirm.

# Issue

[2] Burnell raises one issue, which we restate as whether the Review Board's decision that Burnell voluntarily left her employment without good cause in connection with the work is reasonable.

# Facts

[3] Beginning on April 15, 2013, Burnell was employed as a bartender/server at a golf club/restaurant. On May 17, 2013, Burnell complained to the club manager about a verbal altercation with another employee. According to K.B, the manager said, "this isn't working out" and "maybe you should start looking for another job." Tr. p. 8. The manager denied telling her that she should start looking for another job. The manager then left, and Burnell went to the bathroom, where she staying crying for several hours. The manager then asked someone to send Burnell home. The next day, Burnell did not report to start

---

[1] Burnell used her full name in her briefs and waived her right to keep her identity confidential. *See* Ind. Administrative Rule (9)(G)(6).

her shift. She called the manager twice and left messages for him because she "didn't want to be charged for the uniform . . . ." *Id.* at 9.

[4] Burnell applied for unemployment benefits and, on December 9, 2013, a claims deputy determined that Burnell was not entitled to benefits because she voluntarily left her employment without good cause in connection with the work. Burnell appealed that determination, and a hearing was held before an administrative law judge ("ALJ") in January 2014. The ALJ affirmed the claims deputy's decision, and Burnell appealed to the Review Board. The Review Board vacated the ALJ's decision and remanded for a new hearing before a different ALJ.

[5] A second hearing was held in March 2015. The new ALJ also affirmed the claims deputy's decision and concluded that Burnell "voluntarily quit her employment without good cause in connection to the work." App. p. 4. Burnell appealed to the Review Board, which adopted and incorporated the ALJ's findings of fact and conclusions of law with one modification. The Review Board affirmed the ALJ's decision as modified. Burnell now appeals.

## Analysis

[6] Burnell appeals the Review Board's determination that she voluntarily terminated her employment without good cause. The Review Board's decision is conclusive and binding as to all questions of fact. Ind. Code § 22-4-17-12(a). On appeal, the standard of review is threefold: (1) findings of basic fact are reviewed for substantial evidence; (2) findings of mixed questions of law and

fact—ultimate facts—are reviewed for reasonableness; and (3) legal propositions are reviewed for correctness. *Recker v. Review Bd. of Ind. Dep't of Workforce Dev.*, 958 N.E.2d 1136, 1139 (Ind. 2011). When reviewing findings of basic fact, we neither reweigh the evidence nor judge the credibility of witnesses. *J.M. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 975 N.E.2d 1283, 1286 (Ind. 2012). Rather, we consider only the evidence most favorable to the Review Board's findings, and we reverse only if there is no substantial evidence to support the findings. *Id.* Ultimate facts are facts that "involve an inference or deduction based on the findings of basic fact." *Recker*, 958 N.E.2d at 1139. Where such facts are within the "special competence of the [Review] Board," we will give greater deference to the Review Board's conclusions, broadening the scope of what can be considered reasonable. *Id.*

[7]     The purpose of the Unemployment Compensation Act is to provide benefits to those who are involuntarily out of work, through no fault of their own, for reasons beyond their control. *Davis v. Review Bd. of Ind. Dep't of Workforce Dev.*, 900 N.E.2d 488, 492 (Ind. Ct. App. 2009). An employee who has voluntarily left his or her employment without good cause in connection with the work is ineligible for unemployment benefits. I.C. § 22-4-15-1(a). The question of whether an employee quit without good cause is a question of fact to be determined by the Review Board. *S.A. v. Review Bd. of Ind. Dep't of Workforce Dev.*, 936 N.E.2d 336, 337 (Ind. Ct. App. 2010). The claimant has the burden to prove that good cause existed. *Id.* The reason for quitting must be job-

related and objective in character, excluding purely subjective and personal reasons. *Id.* at 337-38.

[8] Burnell challenges the Review Board's finding of the ultimate fact that she voluntarily terminated her employment without good cause, thus disqualifying her from receiving benefits pursuant to Indiana Code Section 22-4-15-1(a). *See McClain v. Review Bd. of Indiana Dep't of Workforce Dev.*, 693 N.E.2d 1314, 1318 (Ind. 1998). Burnell argues that she was fired from her employment, and the manager testified that Burnell was not fired, rather that she quit. The ALJ found the employer's testimony more credible and found that Burnell's actions on the evening in question "do not make sense for someone who believed that they had been discharged." App. p. 4. Burnell's argument is merely a request to reweigh the evidence, which we cannot do. The evidence most favorable to the ALJ's findings, which the Review Board adopted, is that after the manager suggested that Burnell's employment was not "working out" and "maybe [she] should start looking for another job," Burnell stayed in the restroom for several hours. Tr. p. 8. The next day, she did not go to work for her scheduled shift and called a couple of times about returning her uniform. Burnell did not clarify the manager's comments and simply did not return to work. The manager reasonably believed that Burnell had quit her employment when she did not show up for her next shift. The Review Board's determination that Burnell voluntarily terminated her employment without good cause is reasonable.

# Conclusion

[9] The Review Board's denial of Burnell's unemployment benefits is reasonable. We affirm.

[10] Affirmed.

Kirsch, J., and Najam, J., concur.